Jodi MILLER, by his Guardian Ad Litem, John Grindell and Gregory Miller, Plaintiffs,

Judith MILLER, Plaintiff-Respondent and Cross-Appellant,

v.

Vera AMUNDSON, Defendant-Respondent,

The INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellant and Cross-Respondent.
[Case No. 82–1773.]

Jodi MILLER, by his Guardian Ad Litem, John Grindell, Gregory Miller, Plaintiff,

Judith MILLER, Plaintiff-Respondent,

v.

Vera AMUNDSON and the Insurance Company of North America, Defendants-Appellants.†
[Case No. 82–1893.]

Court of Appeals

*Nos. 82–1773, 82–1893. Submitted on briefs November 18, 1983.— Decided January 10, 1984.*
(Also reported in 345 N.W.2d 494.)

† Petition to review denied.

For the defendant-appellant (The Insurance Company of North America) the cause was submitted on the briefs of *Garvey, Anderson, Kelly & Ryberg, S.C.*, and *Richard J. Kelly* of Eau Claire.

For the plaintiff, respondent and cross-appellant (Judith Miller) the cause was submitted on the brief of *Thrasher, Doyle & Pelish, Ltd.*, of Rice Lake.

For the defendant-respondent (Vera Amundson) the cause was submitted on the briefs of *Faegre & Benson* and *Martin N. Burke, Margaret S. Angle* and *Mary H. Terzino* of Minneapolis, Minnesota.

For the plaintiff-respondent and cross-appellant (Judith Miller) the cause was submitted on the brief of *Davis, Witkin, Weiby, Maki & Durst, S.C.*, of Superior.

For the plaintiffs-respondents (Jodi Miller and Gregory Miller) the cause was submitted on the brief of *Doar, Drill & Skow* and *James A. Drill* of New Richmond.

Before Foley, P.J., Dean and Cane, JJ.

DEAN, J.   The Insurance Company of North America (INA) appeals a judgment awarding damages to Jodi Miller and his parents, Judith and Gregory Miller, for injuries Jodi received when he fell from the back of a

pickup truck driven by his grandmother, Vera Amundson. Judith was a passenger in the truck. The judgment requires INA to provide $100,000 of automobile liability insurance coverage each to Vera and Judith, who were both found causally negligent, even though the policy, issued to Vera's husband, provided $100,000 single limit coverage per occurrence. INA contends that it should provide a total of only $100,000 coverage. Because the omnibus coverage statute, sec. 632.32(2)(b), Stats. (1977), required INA to provide $100,000 of coverage each to Vera and Judith, we affirm the judgment.

Judith cross-appeals a judgment against her for contribution. This judgment stems from a counterclaim Vera filed against Judith for contribution, since Jodi brought his action only against Vera and her insurer, INA. Judith contends that her contribution is not due until Vera actually pays more than her proportionate share of the damages. Vera appeals the trial court's order denying offset of the judgments in favor of and against Judith. Because both results are equitable under the circumstances, we also affirm these appeals.

The jury attributed seventy-five percent of the causal negligence to Vera for not safely securing the truck's load and for allowing Jodi to ride in the back of the truck. The remaining twenty-five percent they apportioned to Judith, who had a duty to supervise Jodi, for allowing him to ride in the back of the truck. The damage awards were as follows:[1]

| To Gregory | $ 2,500.00 | Loss of society and companionship |
| | 34,664.81 | One-half of Jodi's medical expenses |
| | $ 37,164.81 | Total |

[1] The awards to Judith and Gregory were made separately because they were divorced.

| To Jodi | $ 90,000.00 | Future loss of earning capacity |
| | 20,000.00 | Past pain, suffering, and disability |
| | 60,000.00 | Future pain, suffering, and disability |
| | $170,000.00 | Total |
| To Judith | $ 2,500.00 | Loss of society and companionship |
| | 34,664.81 | One-half of Jodi's medical expenses |
| | 10,000.00 | Home and personal nursing care |
| | $ 47,164.81 | Total |

The court then entered the following judgments: (1) for Jodi and Gregory against INA for $100,000 and against Vera for $107,164.81; (2) for Vera against Judith and INA for $51,791.20 contribution; and (3) for Judith against Vera and INA for $35,373.60.[2] The court refused to offset the judgments in favor of and against Judith.

A number of the issues originally raised on appeal were settled by stipulation. Three issues remain: (1) Does INA's policy provide $100,000 coverage each to Vera and Judith or only $100,000, either to Vera alone or to be divided in some manner between them; (2) Did the trial court err in rendering a final judgment for contribution before any payment of an inequitable share of the judgment was made; and (3) Should the judgments in favor of and against Judith be offset against each other. This appeal was certified to the supreme court, and certification was denied.

The following clauses in the INA policy are representative of those that specify the coverage involved. The declarations page states:

[2] Judith's net award reflects the reduction for her share of the causal negligence.

The limit of the company's liability against each coverage afforded shall be as stated herein, subject to all the terms of the policy having reference thereto.

Single Limit: Bodily Injury and Property Damage. Each Occurrence: $100,000.[3]

The policy later states:

The insurance afforded under Bodily Injury and Property Damage Liability Coverages applies separately to each Insured against whom claim is made or suit is brought, but the inclusion herein of more than one Insured shall not operate to increase the limits of the Company's liability.

These coverage clauses must be interpreted in light of the omnibus coverage statute, sec. 632.32(2)(b), Stats. (1977), which provided, in part:

Every [auto liability] policy . . . shall contain a provision substantially as follows: "The coverage provided by this policy applies, in the same manner and under the same provision as it is applicable to the named insured, to any person while riding in or operating any automobile described in this policy when the automobile is being used for purposes and in the manner described in the policy."

The interpretation of this statute is a question of law that we will independently review. *See Nelson v. Union National Bank*, 111 Wis. 2d 313, 315, 330 N.W.2d 225, 226–27 (Ct App 1983). The legislative policy behind this statute was to increase, not decrease, coverage. *Groth v. Farmers Mutual Automobile Insurance Co.*, 21 Wis. 2d 655, 659, 124 N.W.2d 606, 608 (1963). The omnibus

---

[3] The trial court, interpreting *Olsen v. Moore*, 56 Wis. 2d 340, 202 N.W.2d 236 (1972), concluded that the accident was two occurrences. The language in *Olsen* is confusing and could be interpreted to find either one or two occurrences. Because we conclude that the omnibus coverage statute controls this case, we do not resolve this question.

coverage should not subtract from the named insured's coverage. *Mancheski v. Derwae,* 11 Wis. 2d 467, 471, 105 N.W.2d 773, 775 (1960). The word "coverage" includes the policy's dollar limits of liability. *Smith v. National Indemnity Co.,* 57 Wis. 2d 706, 712, 205 N.W.2d 365, 368 (1973). This omnibus coverage is imputed to every automobile policy whether or not it is written there. *Drewek v. Milwaukee Automobile Insurance Co.,* 207 Wis. 445, 448, 240 N.W. 881, 882, (1932).

Vera, the named insured,[4] contracted for and expected $100,000 of liability coverage. Judith, as an additional insured, must be provided with coverage "in the same manner and under the same provision as it is applicable to" Vera. *See* sec. 632.32(2)(b), Stats. (1977). If only $100,000 coverage is available, as INA contends, two options are possible. First, the $100,000 coverage could be divided in some manner between Vera and Judith. This would, however, deny Vera the $100,000 coverage that she believed she was paying for and reasonably expected under the policy. This is contrary to the policy behind the omnibus statute and seems fundamentally unfair. *See* 8C Appleman, *Insurance Law & Practice* § 5108 n. 9 (1981). The other option would be allocate the entire $100,000 toward Vera's liability of over $242,-000, leaving none for Judith. This would also violate the policy of the omnibus statute, since Judith would not be receiving the same coverage as provided to Vera, the named insured. Judith would, in fact, receive no coverage. Both options are, therefore, unacceptable.

We conclude that INA must provide $100,000 coverage each to Vera and Judith. This result satisfies the requirements of sec. 632.32(2)(b). It provides Vera with the coverage she reasonably expected. It also provides

---

[4] Although the policy was issued in Vera's husband's name, Vera is also considered a named insured.

Judith with the coverage she is entitled to as an additional insured.[5]

The trial court correctly concluded that a contribution judgment should be entered against Judith and INA, even though Vera had not yet paid more than her share of the damages. Ordinarily, a judgment for contribution is not enforceable until one tortfeasor pays more than his or her proportionate share of the damages. *See Coulson v. Larsen,* 94 Wis. 2d 56, 60, 287 N.W.2d 754, 756 (1980). In this case, however, Vera is liable for $242,538.41 in damages, of which INA will pay $100,000. INA is also liable for the $51,791.20 judgment against Judith. We will not allow INA to delay payment of this sum because Vera is unable to pay the $142,538.41 excess for which she is liable. Fairness demands that INA pay its liability on both judgments so the injured child and his parents will recover at least that much of their damages.

■■

Finally, the trial court did not err in refusing to set off the judgments in favor of and against Judith. Judith has insurance to cover the entire amount of her $51,-791.20 liability. To set off her recovery against this liability would make her a co-insurer with INA and would wipe out her award. She is entitled to her award, and INA, as her insurer, is responsible for her liability. *See Stuyvesant Insurance Co. v. Bournazian,* 342 So. 2d 471, 473–74 (Fla. 1977) ; 8A Appleman, *Insurance Law & Practice* § 4891 n. 1 (1981).

*By the Court.*—Judgments and order affirmed. Costs to respondents and cross-respondents in case no. 82–1773, and costs to respondent in case no. 82–1893.

---

[5] Since only $151,791.20 of insurance coverage is available to meet the $242,538.41 total damages, the trial court should decide how to apportion the available money among the three plaintiffs. The plaintiffs will then be left with judgments against Vera for the excess.