Marvin J. LANDSINGER, and Dorothy
Landsinger, Plaintiffs-Appellants,†

v.

AMERICAN FAMILY MUTUAL INSURANCE
COMPANY, Defendant-Respondent.

Court of Appeals

*No. 86–1078. Submitted on briefs May 6, 1987.—Decided
October 29, 1987.*

(Also reported in 417 N.W.2d 899.)

† Petition to review denied.

For the plaintiffs-appellants the cause was submitted on the briefs of *James G. Curtis* and *Hale, Skemp, Hanson & Skemp,* of La Crosse.

For the defendant-respondent the cause was submitted on the brief of *Robert D. Johns, Jr.,* and *Johns & Flaherty, S.C.* of La Crosse.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J.   Marvin and Dorothy Landsinger appeal from those parts of a judgment dismissing two of their claims against American Family Mutual Insurance Company. The first issue is whether a spouse's claim for lost consortium entitles the spouse to a separate claim under an automobile liability policy's "each person" limit of coverage. We conclude it does not. The second issue is whether under the omnibus statute, sec. 632.32(3)(b), Stats. 1983,[1] an

---

[1]Sec. 632.32(3), Stats. 1983, provides:

automobile liability insurer must afford separate liability coverages to a servant and master when the negligence of the former is imputed to the latter so as to increase the coverage from $100,000 to $200,000. We conclude that the omnibus statute does not have that effect. We therefore affirm the judgment.

The facts are stipulated. On December 3, 1983, Marvin was badly injured while a passenger in a truck owned by Christine Rentmeester and negligently operated by Paul Rentmeester as her servant. The parties agree that Paul's negligence is imputed to Christine. Marvin's damages for his personal injuries exceed $200,000, and Dorothy has suffered a loss of Marvin's society and companionship.

At the time of the accident, American Family had in effect an automobile liability policy covering the truck. The policy provided bodily injury liability limits of $100,000 for each person. American Family paid Marvin and Dorothy $100,000 and takes the position that this constitutes the maximum liability coverage available to Paul and Christine Rentmeester arising out of the accident.

Marvin and Dorothy brought this action for declarations that they are each entitled to claim against American Family for the $100,000 limit of liability applicable to bodily injury sustained by "each person" in one occurrence and that by virtue of the

---

Except as provided in sub. (5), every policy subject to this section issued to an owner shall provide that:

(a) Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.

(b) Coverage extends to any person legally responsible for the use of the motor vehicle.

omnibus statute, sec. 632.32(3)(b), Stats. 1983, American Family must provide separate liability insurance coverage to Paul and Christine.

American Family's policy provides in relevant part:

"The limits of liability shown in the declarations apply, subject to the following:

1. The bodily injury liability limit for 'each person' is the maximum for bodily injury sustained by one person in any one occurrence.

2. Subject to the bodily injury liability limit for 'each person,' the bodily injury liability limit for 'each occurrence' is the maximum for bodily injury sustained by two or more persons in any one occurrence."

The policy defines "bodily injury" as "bodily injury to or sickness, disease or death of any person."

Dorothy Landsinger contends that she suffered a bodily injury because of the loss of her husband's society and companionship. She contends that because loss of consortium is a separate bodily injury, she is entitled to a separate $100,000 claim against American Family under the policy's "each person" limitation.

We reached a contrary conclusion in *Richie v. American Family Mut. Ins.*, 140 Wis. 2d 51, 409 N.W.2d 146, (Ct. App. 1987). The policy provision in *Richie* was identical to that before us. We held that loss of consortium may be an element of damage recoverable by a family member, but it is not a "bodily injury" to that family member within the meaning of the policy. *Id.* at 56, 409 N.W.2d at 148.

141

We conclude that the trial court properly dismissed that part of the complaint for a declaration that Dorothy's claim for loss of consortium is a separate claim under the policy's "each person" limitation.

We turn to the question whether, as the Landsingers contend, Paul and Christine Rentmeester have separate $100,000 coverages. The Landsingers rely on the stipulation that the negligence of Paul is imputed to Christine and on sec. 632.32(3)(b), Stats. 1983, which provides that "[c]overage extends to any person legally responsible for the use of the motor vehicle."

The question is one of law, since it involves the application of a statute to undisputed facts. *NCR Corp. v. Department of Revenue*, 112 Wis. 2d 406, 409, 332 N.W.2d 865, 867 (Ct. App. 1983).

The Landsingers contend that the statute means that the person legally responsible not only has the full benefits of the policy but additional liability coverage. They rely upon *Miller v. Amundson*, 117 Wis. 2d 425, 345 N.W.2d 494 (Ct. App. 1984).

In *Miller*, an automobile liability policy provided $100,000 coverage per occurrence. We held that where the named insured and an additional insured were each negligent in the same accident, each was entitled separate coverage under the provisions now in sec. 632.32(3)(a), Stats. See footnote 1. Whether a person to whom the negligence of another is imputed is entitled to separate coverage under sec. 632.32(3)(b) was not an issue in *Miller*.

In this case, Christine's negligence is based solely upon that of Paul, her servant. When American Family paid $100,000, Christine received the same

dollar-for-dollar protection as did Paul for that same negligence. The liability of each was satisfied to the extent of that payment. Coverage therefore has been "extended" to both Paul and Christine, the two persons legally responsible for the use of the vehicle, as required by sec. 632.32(3)(b), Stats. 1983.

We conclude that the trial court properly dismissed that part of the complaint seeking a declaration that Christine and Paul, as master and servant, are each entitled under the omnibus statute to separate coverages of $100,000.

*By the Court.*—Judgment affirmed.