Alice M. IAQUINTA, Plaintiff-Appellant,

v.

ALLSTATE INSURANCE COMPANY, a foreign insurer, Todd
A. Rasmussen, Frank Monroe and Tracy Monroe,
Defendants-Respondents,†

WISCONSIN PHYSICIANS SERVICE, a Wisconsin health
insurance corporation, The Travelers Indemnity Com-
pany, a foreign insurer, and Blue Cross & Blue Shield
United of Wisconsin, Subrogated Parties-Defendants.

Court of Appeals

*No. 92–1698. Submitted on briefs May 5, 1993.—Decided
December 7, 1993.*

(Also reported in 510 N.W.2d 715.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Robert G. Dowling*, of *Schneidman, Myers, Dowling & Blumenfield*, of Milwaukee.

For the defendants-respondents the cause was submitted on the briefs of *Michael J. Cieslewicz* and *Vicki L. Arrowood* of *Kasdorf, Lewis & Swietlik, S.C.*, of Milwaukee.

Before Sullivan, Fine and Schudson, JJ.

SULLIVAN, J.   Alice M. Iaquinta appeals from a judgment entered upon defendants' motion for declaratory judgment limiting her recovery to $25,000 under a liability policy issued by Allstate Insurance Company to Tracy Monroe covering an automobile owned by Tracy and her father Frank Monroe.[1] The sole issue presented on appeal is whether the omnibus statute, sec. 632.32(3), Stats.,[2] requires Allstate to provide full and separate coverage to both a negligent entruster-owner of the vehicle and the negligent entrustee-driver despite clear language in the policy which limits coverage to $25,000 per person, and $50,000 per occurrence.[3] We conclude that it does.

---

[1] The underlying order also denied Iaquinta's motion for judgment declaring coverage under Allstate's policy to be $50,000.

[2] Section 632.32(3), Stats., provides:

> REQUIRED PROVISIONS. Except as provided in sub. (5), every policy subject to this section issued to an owner shall provide that:
>
> (a)  Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.
>
> (b)  Coverage extends to any person legally responsible for the use of the motor vehicle.

[3] The policy contained the following limits of liability provision:

**Limits of Liability**

The facts of this case are undisputed. Iaquinta sustained permanent injuries when the insured automobile, operated recklessly by Todd Rasmussen, who was intoxicated, struck Iaquinta's automobile. Tracy Monroe had allowed Rasmussen to drive her automobile, and was a passenger at the time of the accident. Upon cross-motions for declaratory judgment, the parties stipulated that the facts set forth in the complaint were true—that Rasmussen had negligently operated the automobile and that Monroe had negligently entrusted the automobile to Rasmussen. The parties informed the court:

> The parties have reached a settlement of this matter, which would obviate the need for trial. The only issue yet to be determined is whether the $25,000.00 per person limitation of liability contained in the Allstate policy . . . limits recovery when there are two separate and distinct acts of negligence (negligence in entrusting the vehicle and negligence in its operation). The parties have stipulated that if this court finds that Allstate's responsibility in this matter is only that of $25,000.00, the plaintiff will accept that amount in settlement of her claim. The parties have further

The limits shown on the declarations page are the maximum **we** will pay for any single **auto** accident. The limit stated for each person for bodily injury applies to all damages arising from bodily injury, sickness, disease, or death sustained by one person in any one occurrence. The occurrence limit is **our** total limit of liability for all legal damages for bodily injury sustained by two or more persons in any one occurrence. For property damage, the limit applies to all legal damages arising from each occurrence.

. . . .

If a single "each occurrence" limit is stated on the declarations page for Automobile Liability Insurance, this limit will be the maximum amount of **Allstate's** liability for both bodily injury and property damage arising out of any one occurrence.

stipulated that if this court determines that All-state's total liability is $50,000.00, based upon the two separate acts of negligence providing two separate limits of liability, that the plaintiff will accept $40,000.00 in compromise of her claim.

The trial court determined that the clear language of the policy limited Allstate's liability in the matter to $25,000. The trial court was not persuaded by Iaquinta's argument that Wisconsin's omnibus statute, sec. 632.32(3)(a), Stats., required Allstate to provide $25,000 in coverage to both Rasmussen and Monroe. On appeal, Iaquinta argues that the trial court's application of the omnibus statute to the facts of this case was erroneous and contrary to this court's holding in *Miller v. Amundson*, 117 Wis. 2d 425, 345 N.W.2d 494 (Ct. App. 1984).

The application of the omnibus statute, sec. 632.32(3)(a), Stats., to this undisputed set of facts is a question of law that we review independently of the trial court's conclusion. *See id.* at 429, 345 N.W.2d at 496. We agree that our rationale in *Miller* is dispositive of the issue raised in this case. Thus, we conclude that the trial court erred in limiting Allstate's liability to $25,000.

In *Miller*, this court held that, despite the clear language of the automobile liability insurance contract limiting coverage to $100,000 per occurrence, the omnibus statute required that full policy coverage be afforded to two tortfeasors, which raised the insurer's liability to $200,000.[4] *Id.* at 428-31, 345 N.W.2d at 496-

[4] In the present case we apply sec. 632.32(3), Stats. In *Miller*, this court applied sec. 632.32(2)(b), Stats. (1977), which required that every automobile policy contain the following provision:

665

97. *Miller* involved a child who had fallen out of the back of a pickup truck driven by his grandmother, and in which his mother, the named insured, was a passenger. *Id.* at 426-27, 345 N.W.2d at 495. Both the grandmother and the mother were found causally negligent—the grandmother for her negligence in allowing the child to ride in the bed of the truck and for her negligence in securing the truck's load, and the mother for her negligent supervision of the child. *Id.* at 427, 345 N.W.2d at 495-96.

We have recounted the holding of *Miller* in subsequent cases and explained that separate coverage must be provided only in cases where both the named insured and the additional insured are actively negligent. *See Landsinger v. American Family Mut. Ins. Co.*, 142 Wis. 2d 138, 142-43, 417 N.W.2d 899, 900-01 (Ct. App. 1987); *Mills v. Wisconsin Mut. Ins. Co.*, 145 Wis. 2d 472, 478-79, 427 N.W.2d 397, 400 (Ct. App. 1988). Thus, where the negligence of the additional insured is merely *imputed* to the named insured, or where the named insured is vicariously liable, the holding of *Miller* is inapplicable and the policy limits expressed in the policy are unaffected by the omnibus statute. *See Landsinger*, 142 Wis. 2d at 142-43, 417 N.W.2d at 900-01 (liability of employer for act of employee); *Mills*, 145

---

The coverage provided by this policy applies, in the same manner and under the same provision as it is applicable to the named insured, to any person while riding in or operating any automobile described in this policy when the automobile is being used for purposes and in the manner described in the policy.

Although the wording of the statute has changed, we conclude that the substance of the current omnibus statute and the version applied in *Miller* are the same, as relevant to the issues in this decision.

Wis. 2d at 478-79, 427 N.W.2d at 400 (negligence of child imputed to parent under sponsorship statute, sec. 343.15, Stats.).

Iaquinta argues that our holding in *Miller* is dispositive of the issue in this case because both Rasmussen and Monroe were actively negligent. She relies on *Bankert v. Threshermen's Mut. Ins. Co.*, 110 Wis. 2d 469, 476, 329 N.W.2d 150, 153 (1983), where the Wisconsin Supreme Court stated: "Analysis of Wisconsin authority and the rule of the Restatement illustrates that the negligence of the entruster is a separate act of negligence." She argues that *Bankert* establishes that the negligent entruster is a separate actor whose negligence is discrete from that of other tortfeasors.

In response, Allstate argues that although the *Bankert* court recognized that the entruster's negligence is a separate act of negligence, it went on to explain that such "negligence is nonactionable in the absence of a wrongful or negligent act of the . . . entrustee." *Id.* at 478, 329 N.W.2d at 154. The court further stated: "Negligent entrustment is part of the tort of negligent use and operation of the entrusted automobile." *Id.* at 476-77, 329 N.W.2d at 153. Allstate argues that *Bankert's* discussion of negligent entrustment should lead this court to the conclusion that negligent entrustment is not the "active negligence" necessary to invoke the rule set forth in *Miller*. Rather, Allstate argues, the liability of the negligent entrustee is more akin to the imputed negligence in *Mills*, 145 Wis. 2d at 478-79, 427 N.W.2d at 400, and *Landsinger*, 142 Wis. 2d at 142-43, 417 N.W.2d at 900-01.

*Bankert* involved a provision in an insurance agreement which specifically excluded coverage for "occurrences" involving "automobiles while away from

the premises." *Bankert*, 110 Wis. 2d at 478-79, 329 N.W.2d at 154. The claim in *Bankert* was that, although the automobile accident occurred *off* the premises, the act of negligent entrustment occurred *on* the premises, and thus, the exclusion was inapplicable, and the policy should cover the negligence of the entruster. The court disagreed. *Id.* at 479-80, 329 N.W.2d at 154-55. It began its analysis by exploring the concept of negligent entrustment and clearly indicated that the negligence of the entruster and the negligence of the entrustee are separate acts of negligence. *Id.* at 476, 329 N.W.2d at 153. Nonetheless, the court explained, "[i]t is 'occurrences' that are insured against, not negligent acts." *Id.* at 481, 329 N.W.2d at 155. The court concluded that, although the act of the negligent entruster may have occurred *on* the premises, the occurrence took place *off* the premises. It is in this context, then, that the court stated, "[n]egligent entrustment is part of the tort of negligent use and operation of the entrusted automobile." *Id.* at 476-77, 329 N.W.2d at 153.

The fact that *Bankert* explained that the two *acts* of negligence coalesce into one *occurrence* is of no import to our decision. In *Miller*, this court based its holding on the interplay between the two separate acts of negligence and the omnibus statute. For this reason we specifically explained that it was not necessary to resolve the question of whether the injury was caused by one or two occurrences. *Miller*, 117 Wis. 2d at 429 n.3, 345 N.W.2d at 496 n.3. Thus, we conclude that *Bankert* in no way prohibits this court from applying our rationale in *Miller* to the instant case.

■

The elements of negligent entrustment are that the entruster: (1) was initially in control of the vehicle;

(2) permitted the entrustee to operate it; and (3) either knew or in the exercise of ordinary care should have known that the entrustee intended or was likely to use the vehicle in a way that would create an unreasonable risk or harm to others. Wis J I Civil—1014. "The potential for liability of a person who entrusts a dangerous instrumentality to an incompetent operator arises not out of vicarious liability or imputed negligence, but rather the entrustor's own negligence in making such an entrustment." 57A AM. JUR. 2D *Negligence* § 334 (1989).

■

Because negligent entrustment arises out of an act of negligence that is separate from the negligence of the entrustee, and does not arise vicariously or through imputation of negligence, we conclude that both the negligent entruster and the entrustee are actively negligent. Thus, our rationale in *Miller* controls the outcome of this case; Allstate must provide coverage, up to the stated limits, to both Rasmussen and Monroe.

For the foregoing reasons, we reverse the judgment and remand the case to the trial court with directions to enter judgment in favor of Iaquinta for $40,000, consistent with the stipulation of the parties.

*By the Court.*—Judgment reversed and cause remanded with directions.