Present: Carrico, C.J., Compton, Stephenson,[*] Lacy, Hassell, Keenan and Koontz, JJ.

MICHAEL F. HAISLIP

                              OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.   Record No. 962214          September 12, 1997

SOUTHERN HERITAGE INSURANCE
COMPANY, ET AL.

              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                    Buford M. Parsons, Jr., Judge


     In this appeal, we consider whether Code § 38.2-2204 requires an insurance company, which had issued an automobile liability insurance policy, to provide full and separate coverage to its named insured who was allegedly guilty of negligent entrustment of a vehicle, even though the insurer had already paid the insurance policy limits on behalf of a permissive user who negligently operated the insured vehicle.

     Michael F. Haislip filed a motion for judgment against Raymond L. Goode and Tina L. Price to recover damages he incurred as a result of an automobile accident.  Haislip alleged that Price negligently entrusted her car to Goode, who negligently operated the vehicle.

     At the time of the accident, Price's car was insured under an automobile liability policy issued to her by Southern Heritage Insurance Company.  Apparently, Goode did not have an automobile liability insurance policy, and Southern Heritage settled Haislip's claim against Goode and

_____

     [*]Justice Stephenson participated in the hearing and decision of this case prior to the effective date of his retirement on July 1, 1997.

issued a settlement check to Haislip in the amount of $25,000, which Southern Heritage believes is the maximum amount of insurance coverage available to Haislip under the terms of the policy of insurance.

Subsequently, Southern Heritage filed a motion for declaratory judgment, asking that the trial court declare that: the maximum amount of coverage available to Haislip under the policy is $25,000; the policy had been exhausted by reason of the settlement paid on behalf of Goode and; Southern Heritage has no duty to defend or pay any amounts related to the claim Haislip made against Price. Haislip filed a motion for summary judgment, asserting that the maximum amount of coverage available to him under the insurance policy is $50,000. The trial court considered argument of counsel and entered an order denying Haislip's motion for summary judgment and granting Southern Heritage's motion for declaratory judgment. The trial court entered a judgment declaring that the insurance coverage available to Haislip under the insurance policy had been exhausted by the payment of $25,000 to him in settlement of his claim against Goode. Haislip appeals.

Haislip argues that even though the automobile liability insurance contract provided $25,000 of coverage per occurrence, Code § 38.2-2204 requires Southern Heritage to provide $25,000 of liability coverage to Goode and another $25,000 of coverage to Price. Haislip contends that Goode and Price are persons insured within the meaning of

the policy and, as a result, Southern Heritage is required to provide a maximum of $25,000 of coverage to Price for her negligent entrustment of the vehicle and another $25,000 of coverage to Goode for his negligent operation of the insured vehicle.  Continuing, Price asserts that Code § 38.2-2204 "provides that all contracts of bodily injury liability insurance must contain a provision insuring the named insured, as well as any other person using the motor vehicle with the express or implied consent of the named insured."

Southern Heritage argues, however, that Code § 38.2-2204 "was not created for the benefit of the insured, nor was it created in order to allow double recovery to the party who has suffered damage by the negligent use of the insured's car when operated by another with the owner's permission."  Southern Heritage asserts that the purpose of Code § 38.2-2204 is to protect the injured party who has suffered damage "by allowing that party a single recovery under the insured's policy."

Code § 38.2-2204, commonly referred to as the omnibus clause, states in part:

> "A.  No policy or contract of bodily injury or property damage liability insurance, covering liability arising from the ownership, maintenance, or use of any motor vehicle . . . shall be issued or delivered in this Commonwealth to the owner of such vehicle . . . or shall be issued or delivered by any insurer licensed in this Commonwealth upon any motor vehicle . . . that is principally garaged, docked, or used in this Commonwealth, unless the policy contains a provision insuring the named insured, and any other person using or responsible for the use of the motor vehicle . . . with the expressed or implied consent of the named insured, against liability for death or injury

> sustained, or loss or damage incurred within the coverage of the policy or contract as a result of negligence in the operation or use of such vehicle . . . by the named insured or by any such person."

(Emphasis added).

In deciding the meaning of the statute, we must consider the plain language that the General Assembly employed when enacting this statute. For example, we stated in Barr v. Town & Country Properties, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (quoting Watkins v. Hall, 161 Va. 924, 930, 172 S.E. 445, 447 (1934)):

> "'While in the construction of statutes the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, unless a literal construction would involve a manifest absurdity. Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed.'"

Accord Abbott v. Willey, 253 Va. 88, 91, 479 S.E.2d 528, 530 (1997); Weinberg v. Given, 252 Va. 221, 225-26, 476 S.E.2d 502, 504 (1996); Dominion Trust Co. v. Kenbridge Constr. Co., 248 Va. 393, 396, 448 S.E.2d 659, 660 (1994).

Additionally, in interpreting Code § 38.1-381, the predecessor to the current omnibus statute, we stated that the omnibus statute "is by force of its provisions made a part of a liability policy, and is to be liberally construed to accomplish its intended purpose. However, . . . we must look to the words used in the statute to determine its meaning, and only the meaning of the statute as determined

should be given effect." Grange Mutual v. Criterion Ins. Co., 212 Va. 753, 756, 188 S.E.2d 91, 93 (1972); accord City of Norfolk v. Ingram, 235 Va. 433, 437, 367 S.E.2d 725, 727 (1988); Storm v. Nationwide Ins. Co., 199 Va. 130, 135, 97 S.E.2d 759, 762 (1957).

We are of opinion that the plain language contained in Code § 38.2-2204(A) requires Southern Heritage to provide $25,000 of insurance coverage for any claim or judgment that Price may be legally obligated to pay to Haislip for claims arising out of the underlying automobile accident, even though Southern Heritage has already paid $25,000 to settle Haislip's claims against Goode. The plain language contained in the omnibus clause requires the Southern Heritage policy to contain "a provision insuring the named insured, and any other person using . . . the motor vehicle. . . ."

The General Assembly's use of the word "and" in Code § 38.2-2204(A) means that Southern Heritage is required to provide insurance coverage to both Price, who is the named insured, and Goode, who was driving the motor vehicle with Price's consent. The word "and" is unambiguous. "And" means "along with or together with . . . added to or linked to." Webster's Third New International Dictionary, p. 80 (1986). Even though Southern Heritage's insurance policy contains a limitation of $25,000 per occurrence, that limitation, if applied, would violate the omnibus clause because once Southern Heritage paid the $25,000 to settle

Haislip's claims against Goode, Price, the named insured, who paid the policy premiums, would not receive any liability insurance coverage. Thus, Southern Heritage's interpretation of its policy and the omnibus clause would render the word "and" used in the statute meaningless.

Accordingly, we will enter a declaration here that Code § 38.2-2204 requires Southern Heritage to provide a maximum of $25,000 in coverage for any claim that Haislip may make against Price in addition to the $25,000 that Southern Heritage has already paid to settle Haislip's claims against Goode.

<u>Reversed and final judgment</u>.

JUSTICE COMPTON, with whom CHIEF JUSTICE CARRICO and JUSTICE STEPHENSON join, dissenting.

The issue in this case, involving allegations of negligent operation by a permissive user and of negligent entrustment by a named insured, is whether the policy's liability limits are to be paid for each accident or for each act of negligence that may result in injuries to the claimant.

Of course, under the omnibus clause, Code § 38.2-2204(A), the policy in question must contain a provision insuring the named insured "and" any other person using the insured's motor vehicle with the expressed or implied consent of the named insured against liability for injury sustained as a result of negligence in the operation or use of the vehicle. Manifestly, Price, the named insured, "and"

Goode, the permissive user, were "insured" under the policy; the insurer was obligated to provide a defense to both Price "and" Goode and, if the policy's monetary limits had not been exhausted, to pay the claimant's damages upon establishment of legal liability.

But employment of the word "and" in the omnibus clause does not mandate or require payment of the policy's liability limits for each act of negligence, that is, both negligent driving and negligent entrustment. The insurer's policy unambiguously provided that "the limit of bodily injury liability . . . applicable to `each person' is the limit of the company's liability for all damages . . . arising out of bodily injury sustained by one person as the result of any one occurrence." Nothing in the omnibus clause annuls that policy provision. "Simply put, the liability limits are per accident, not per act of negligence. Any contrary interpretation of the policy language would be unfounded." Helmick v. Jones, 452 S.E.2d 408, 411 (W. Va. 1994); accord Mid-Century Ins. Co. v. Shutt, 845 P.2d 86 (Kan. App. 1993). But see Iaquinta v. Allstate Ins. Co., 510 N.W.2d 715 (Wis. App. 1993).

Accordingly, the maximum amount that the claimant Haislip may recover under the insurance contract is $25,000. Thus, I would affirm the judgment of the trial court in favor of the insurer.