JUSTICE COMPTON,
with whom CHIEF JUSTICE CARRICO and JUSTICE STEPHENSON join, dissenting.
The issue in this case, involving allegations of negligent operation by a permissive user and of negligent entrustment by a named insured, is whether the policy’s liability limits are to be paid for each accident or for each act of negligence that may result in injuries to the claimant.
Of course, under the omnibus clause, Code § 38.2-2204(A), the policy in question must contain a provision insuring the named insured “and” any other person using the insured’s motor vehicle with the expressed or implied consent of the named insured against liability for injury sustained as a result of negligence in the operation or use of the vehicle. Manifestly, Price, the named insured, “and” Goode, the permissive user, were “insured” under the policy; the insurer was obligated to provide a defense to both Price “and” Goode and, if the policy’s monetary limits had not been exhausted, to pay the claimant’s damages upon establishment of legal liability.
But employment of the word “and” in the omnibus clause does not mandate or require payment of the policy’s liability limits for each act of negligence, that is, both negligent driving and negligent entrustment. The insurer’s policy unambiguously provided that “the limit of bodily injury liability . . . applicable to ‘each person’ is the limit of the company’s liability for all damages . . . arising out of bodily injury sustained by one person as the result of any one occurrence.” Nothing in the omnibus clause annuls that policy provision. “Simply put, the liability limits are per accident, not per act of negligence. Any contrary interpretation of the policy language would be unfounded.” Helmick v. Jones, 452 S.E.2d 408, 411 (W. Va. 1994); accord Mid-Century Ins. Co. v. Shutt, 845 P.2d 86 (Kan. App. 1993). But see Iaquinta v. Allstate Ins. Co., 510 N.W.2d 715 (Wis. App. 1993).
Accordingly, the maximum amount that the claimant Haislip may recover under the insurance contract is $25,000. Thus, I would affirm the judgment of the trial court in favor of the insurer.