Carla SEVERUDE, Plaintiff-Appellant,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
Defendant-Respondent.

Court of Appeals

*No. 01–1887–FT. Submitted on briefs October 10, 2001.—
Decided December 28, 2001.*

2002 WI App 33

(Also reported in 639 N.W.2d 772.)

655

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Dennis M. Sullivan* of *Herrick, Hart, Duchemin, Spaeth, Sullivan & Schumacher, S.C.* of Eau Claire.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Terrence M. Gherty* of *Gherty & Gherty, S.C.* of Hudson.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J.    Carla Severude appeals from a summary judgment dismissing her wrongful death action against American Family Mutual Insurance Company.[1] Severude's daughter, Alyssa, died in an automobile accident in Severude's car. Severude, who received $100,000 in uninsured motorist benefits from her automobile insurance policy for Alyssa's death, argues that the circuit court erroneously concluded that she was not entitled to collect an additional $100,000 in bodily injury liability benefits from the same policy. We affirm the judgment.

STATEMENT OF FACTS

¶ 2.    Because this case arises on a motion for summary judgment, we accept the facts alleged by the plaintiff as true. *See Pinter v. American Fam. Mut. Ins. Co.*, 2000 WI 75, ¶ 4, 236 Wis. 2d 137, 613 N.W.2d 110.

---

[1] This is an expedited appeal under Wis. Stat. Rule 809.17. All statutory references are to the 1997–98 version unless otherwise noted.

On September 17, 1997, Severude's two daughters, sixteen-year-old Sonya and twelve-year-old Alyssa, went to visit their father's grave. Sonya, who had a valid driver's license, received permission from Severude to drive Severude's car to the cemetery.

¶ 3. On the way to the cemetery, Sonya picked up her fifteen-year-old friend, Andy. After visiting the grave, Sonya asked Andy if he wanted to drive, even though she knew Andy did not have a driver's license. Andy accepted. While driving, Andy lost control of the car and it rolled over, throwing Alyssa from the car and killing her.

¶ 4. Severude's automobile insurance policy through American Family contained a bodily injury liability limit of $100,000 per person, per occurrence. The liability limit for bodily injury to two or more persons was $300,000 per occurrence. The policy also provided uninsured motorist coverage of $100,000/$300,000 for each accident.

¶ 5. Severude filed a claim for uninsured motorist benefits for damages arising from Alyssa's death. American Family paid its $100,000 uninsured motorist policy limits based on Andy's negligent operation of the vehicle. Severude subsequently filed a wrongful death action against American Family seeking $100,000 in bodily injury liability payments based on Sonya's negligent entrustment of the vehicle to Andy.

¶ 6. American Family filed a motion for summary judgment on grounds that the reducing clause in the liability section of the policy reduced Severude's potential payment under that section by the amount of uninsured motorist benefits she received under the same policy. The circuit court granted summary judgment in American Family's favor and denied Severude's motion for reconsideration. This appeal followed.

¶ 7. Severude does not dispute the legality or application of the reducing clause in the policy's liability coverage section. Her argument is based on her theory that there were two "occurrences" under the policy: Andy's negligent operation of the vehicle and Sonya's negligent entrustment of the vehicle. Accordingly, she argues that the liability coverage for Sonya's negligent entrustment cannot be reduced by the uninsured motorist benefits paid for Andy's negligent operation.

¶ 8. We conclude that there was only one occurrence under the policy. Furthermore, we conclude that when the reducing clause is applied, Severude is not entitled to additional payment. Therefore, we affirm the summary judgment in American Family's favor.

### STANDARDS OF REVIEW

¶ 9. This appeal involves the interpretation of an insurance policy and, therefore, presents a question of law that we review de novo. *Smith v. Atlantic Mut. Ins. Co.*, 155 Wis. 2d 808, 810, 456 N.W.2d 597 (1990). Here, the circuit court's interpretation of the insurance policy was decided on a motion for summary judgment. Our review of the trial court's grant of summary judgment is also de novo, and we apply the same standards and methods as the trial court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). That methodology has been described many times, and we need not repeat it here in detail. *Vultaggio v. GMC*, 145 Wis. 2d 874, 881, 429 N.W.2d 93 (Ct. App. 1988).

### DISCUSSION

¶ 10. Severude argues that she is entitled to $100,000 in liability coverage benefits for Alyssa's

wrongful death based on Sonya's negligent entrustment of the vehicle to Andy. The liability section of the policy provides in relevant part:

The limits of liability shown in the declarations apply, subject to the following:

1. The **bodily injury** liability limit for "each person" is the maximum for all damages sustained by all persons as the result of **bodily injury** to one person in any one occurrence.

. . . .

Any amount payable under this coverage to or for an injured person will be reduced by any payment made to that person under the Uninsured Motorist coverage of this policy.

¶ 11.   As indicated, Severude does not contest the validity of the reducing clause, the latter paragraph, on grounds that it violates WIS. STAT. § 632.32 or provides illusory coverage.[2] Rather, she contends that the reducing clause is inapplicable because the $100,000 in uninsured motorist coverage that she received was payable for Andy's negligent operation, a separate occurrence from Sonya's negligent entrustment.

### A. Definition of "occurrence"

¶ 12.   Resolution of this case requires us to examine the meaning of the word "occurrence," which is not specifically defined in the policy. Severude argues that because the policy does not define the term, we should apply the "commonly understood definition." She cites

---

[2] Accordingly, we will assume for purposes of this opinion that reducing clauses in liability coverage sections are permissible.

the dictionary definition of "occurrence" as "1. the act or fact of occurring 2. something that occurs; event; incident."

¶ 13. We agree that language in an insurance policy should be given its common, everyday meaning. *See Paape v. Northern Assur. Co.*, 142 Wis. 2d 45, 51, 416 N.W.2d 665 (Ct. App. 1987). When a policy's terms are clear and unambiguous on their face, the policy must not be rewritten by construction. *Smith*, 155 Wis. 2d at 811. Words or phrases in a policy are ambiguous when they are reasonably susceptible to more than one construction. *Maas v. Ziegler*, 172 Wis. 2d 70, 79, 492 N.W.2d 621 (1992).

¶ 14. WEBSTER'S THIRD NEW INT'L DITIONARY 1561 (unabr. 1993), defines occurrence as "Something that takes place; *esp.:* something that happens unexpectedly and without design: happening. The definition in BLACK'S LAW DICTIONARY is consistent, defining "occurrence" as "Something that happens or takes place; specif., an accident, event, or continuing condition that results in personal injury or property damage that is neither expected nor intended from the standpoint of an insured party." BLACK'S LAW DICTIONARY 1107 (7th ed. 1999). The entry also notes that this is the standard definition of the term in most liability policies. *Id.*

¶ 15. Although Severude would define "occurrence" as an event, she argues that the terms "occurrence" and "accident" are not synonymous. Rather, she argues, "occurrence" is broader and means more than "accident." Even if this is true, we reject Severude's conclusion that a reasonable construction of the term "occurrence" as it appears in this policy refers to each negligent act that may lead to a car accident.

¶ 16.  The policy provides coverage for "bodily injury to one person *in any one occurrence*." (Emphasis added.) The reasonable interpretation of the word occurrence is that it refers to the event of injury. *See Bankert v. Threshermen's Mut. Ins. Co.*, 110 Wis. 2d 469, 481, 329 N.W.2d 150 (1983) ("It is 'occurrences' that are insured against, not negligent acts."). Here, Alyssa was not injured when Sonya negligently entrusted the car to Andy or even when he drove negligently. Andy's negligent driving and Sonya's negligent entrustment may have led to the event, but the event of injury itself did not occur until the car rolled, throwing Alyssa from the car and fatally injuring her. Because there was a single occurrence, there is liability coverage available to pay $100,000 in damages.

## B. Application of the reducing clause

¶ 17.  The reducing clause provides, "Any amount payable under this coverage to or for an injured person will be reduced by any payment made to that person under the Uninsured Motorist coverage of this policy." It is undisputed that $100,000 is payable under the liability coverage of the policy (for bodily injury to one person in one occurrence), and that Severude already received $100,000 in uninsured motorist benefits. Therefore, application of this reducing clause dictates that Severude is not entitled to an additional payment of $100,000.

¶ 18.  Severude does not argue that the reducing clause renders the liability coverage illusory, even though Sonya, a tortfeasor insured under the policy, will be denied liability protection because Severude already collected uninsured motorist benefits. She also does not argue that liability reducing clauses are gen-

erally invalid under the motor vehicle insurance policy statute, Wis. Stat. § 632.32. Instead, she presents only a single challenge to the application of the reducing clause:   the application of *Iaquinta v. Allstate Ins. Co.*, 180 Wis. 2d 661, 510 N.W.2d 715 (Ct. App. 1993), which she contends requires extended coverage under the policy.

¶ 19.   In *Iaquinta,* a reckless driver and the car's owner who negligently entrusted the car to the driver were both insureds under the owner's automobile liability policy. *Id.* at 664. Alice Iaquinta, who was injured when the driver struck her car, argued that there were two separate and distinct acts of negligence (negligent entrustment and negligent driving) and, therefore, she was entitled to seek twice the bodily injury liability limit of $25,000. *Id.* at 663–64.

¶ 20.   Although *Iaquinta* concluded that the plaintiff was entitled to seek $50,000 in coverage, the court's reasoning was not based on Iaquinta's assertion that there were two separate negligent acts. Rather, it was based on the reasoning of *Miller v. Amundson,* 117 Wis. 2d 425, 345 N.W.2d 494 (Ct. App. 1994), which held that where the named insured and an additional insured are actively negligent, the omnibus statute required that liability coverage be provided to both tortfeasors. *See Iaquinta,* 180 Wis. 2d at 665–66. This provides the named insured with the coverage that the insured reasonably expected and the additional insured with coverage to which he or she is entitled. *See Miller,* 117 Wis. 2d at 430–31.

¶ 21.   *Iaquinta* recognized Wis. Stat. § 632.32(3) (1991–92), as the specific statute requiring that both tortfeasors be provided coverage. This statute has not been amended and provides in relevant part:

REQUIRED PROVISIONS. Except as provided in sub. (5), every policy subject to this section issued to an owner shall provide that:

(a) Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.

¶ 22.   Although WIS. STAT. § 632.32(3)(a) allowed the plaintiff in *Iaquinta* to collect twice the bodily injury liability limit, we conclude that *Iaqunita* is distinguishable.[3] As *Iaquinta* explicitly states, *Miller* requires the provision of full bodily injury liability coverage to each insured tortfeasor "only in cases where *both* the named insured and the additional insured are actively negligent." *See Iaquinta*, 117 Wis. 2d at 666 (emphasis added). Here, there is only one negligent insured or additional insured: Sonya. Accordingly, *Iaquinta* and § 632.32(3)(a) do not require that American Family pay twice the bodily injury liability limits.

### CONCLUSION

¶ 23.   We conclude that there was only one occurrence under the liability policy. When the reducing clause is applied, Severude's potential recovery of $100,000 in bodily injury liability benefits is reduced by the $100,000 in uninsured motorist benefits that she already received. Because she is not entitled to additional benefits, we affirm the circuit court's summary judgment in American Family's favor.

---

[3] Accordingly, we do not address American Family's argument that *Iaquinta v. Allstate Ins. Co.*, 180 Wis. 2d 661, 510 N.W.2d 715 (Ct. App. 1993), was legislatively overruled by the creation of WIS. STAT. § 632.32(5)(g), (i) and (j).

*By the Court.*—Judgment affirmed.