Present:  All the Justices

BRADLEY G. POLLACK,
SUBSTITUTE TRUSTEE

v.  Record No. 022189  OPINION BY JUSTICE CYNTHIA D. KINSER
                                        June 6, 2003
WILLIAM B. ALLEN, III, COMMISSIONER
OF ACCOUNTS FOR THE CIRCUIT COURT OF
SHENANDOAH COUNTY

              FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
                     Dennis Lee Hupp, Judge


     In this appeal, we decide whether the circuit court

erred by requiring a substitute trustee under deeds of

trust to file accounts of sale with the commissioner of

accounts when the advertised sales were not made, and

further erred by assessing fees personally against the

trustee for summonses and reports issued by the

commissioner with regard to those sales that never

occurred.  Concluding that, under the provisions of Code

§ 26-15, an account of sale is required only for "a sale

made," we will reverse the judgment of the circuit court.

     Bradley G. Pollack, acting in the capacity of a

substitute trustee, advertised foreclosure sales of

timeshare units under 172 deeds of trust in three separate

advertisements.  The advertisements apparently prompted

payment from some of the debtors.  Accordingly, Pollack did

not proceed with the foreclosure sales under 104 of the deeds of trust.

On March 8, 2002, more than six months after the advertised foreclosure sale dates, William B. Allen, III, Commissioner of Accounts for the Circuit Court of Shenandoah County, issued 172 summonses to Pollack requiring him to file "FORECLOSURE TRUSTEE'S REPORT OF SALE, as required by [Code] § 26-15" within 30 days after service of the summonses and advising Pollack that failure to file accounts of the sales would be reported to the circuit court for further proceedings under Code §§ 26-13 and -15. Within 30 days after the summonses were served on Pollack, he filed accounts with regard to the 68 foreclosure sales that were actually made.

The commissioner of accounts then reported to the circuit court that Pollack had failed to file accounts of sale for the remaining 104 advertised foreclosure sales. The commissioner requested the court to issue summonses to Pollack requiring him to file the accounts and to fine Pollack for contempt of court for failing to comply with the summonses previously issued by the commissioner of accounts.

The circuit court subsequently granted leave to Pollack permitting him to submit affidavits from the

holders of the 104 deed of trust notes verifying that no foreclosure sales were made under those particular deeds of trust. After Pollack filed the affidavits, the court held that no further response to the summonses issued by the commissioner was required. Nevertheless, the court assessed fees against Pollack personally in the amount of $750.00 for the summonses and reports issued by the commissioner of accounts regarding the 104 advertised foreclosures for which no sales occurred.

Pollack objected to the order on the grounds that he had "presented good cause to the [c]ourt for failing to make reports as none were due." The court stayed its prior order while considering Pollack's objections but subsequently entered an order removing the stay for the reasons stated in a letter opinion. The court explained that, although "no accountings were due on 104 of the 172 cases," it was awarding fees to the commissioner of accounts "to compensate him for [the] time and effort" expended as a result of Pollack's failure to make "[a] formal response . . . to each summons" issued by the commissioner.

On appeal, Pollack contends that the circuit court erred by ordering him to "file reports under Virginia Code § 26-15 for sales that were never held" and by assessing

fees against him personally "for the issuance of summonses and reports issued by the [c]ommissioner of [a]ccounts on sales that never occurred." He argues that any action authorized by the provisions of Code § 26-15 "presupposes a sale." There being no sales under the 104 deeds of trust at issue, Pollack contends that he was not required to file any reports and that the assessment of fees against him was, therefore, improper.

The commissioner of accounts, however, asserts on brief that Pollack "foreclosed on deeds of trust securing 172 timeshare units by advertising sales" to be conducted on three dates. Claiming that Pollack failed in his duties to report on 104 of the advertised sales, the commissioner asserts that he had no choice but to proceed against Pollack as directed by the relevant statutes and that the court did not abuse its discretion in assessing fees against Pollack. We do not agree with the commissioner's position.

To determine whether the circuit court erred, we must examine the language utilized by the General Assembly in Code § 26-15. Our interpretation of this statute is guided by familiar rules of statutory construction.

> "While in the construction of statutes the constant endeavor of the courts is to ascertain and give effect to the intention of the

4

legislature, that intention must be gathered from the words used, unless a literal construction would involve a manifest absurdity. Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed."

Halifax Corp. v. First Union Nat'l Bank, 262 Va. 91, 99–100, 546 S.E.2d 696, 702 (2001) (quoting Watkins v. Hall, 161 Va. 924, 930, 172 S.E. 445, 447 (1934)); accord Haislip v. Southern Heritage Ins. Co., 254 Va. 265, 268, 492 S.E.2d 135, 137 (1997); Weinberg v. Given, 252 Va. 221, 225, 476 S.E.2d 502, 504 (1996); Turner v. Wexler, 244 Va. 124, 127, 418 S.E.2d 886, 887 (1992); Grillo v. Montebello Condominium Unit Owners Ass'n, 243 Va. 475, 477, 416 S.E.2d 444, 445 (1992).

In relevant part, Code § 26-15 provides that

[w]ithin six months after the date of a sale made under any recorded deed of trust, mortgage or assignment for benefit of creditors, otherwise than under a decree, the trustee shall return an account of sale to the commissioner of accounts of the court wherein the instrument was first recorded. Promptly after recording any trustee's deed, the trustee shall deliver to the commissioner of accounts a copy of the deed. The date of sale is the date specified in the notice of sale, or any postponement thereof . . . .

If the commissioner of accounts of the court wherein an instrument was first recorded becomes aware that an account as required by this section has not been filed, the commissioner and the court shall proceed against the trustee in like manner and impose like penalties as set forth in

§ 26-13, unless such trustee is excused for sufficient reason.

Under the plain terms of Code § 26-15, an account of sale must be returned to the commissioner of accounts "[w]ithin six months after the date of a sale made under any recorded deed of trust." The phrase "sale made" clearly contemplates an actual sale. That occurrence, not the advertisement of a foreclosure sale, triggers a trustee's statutory duty to file an account of sale with the commissioner. The six-month period during which the account of sale must be filed for a "sale made" commences to run on the "date specified in the notice of sale, or any postponement thereof." Code § 26-15.

If we adopted the interpretation of Code § 26-15 urged by the commissioner of accounts, we would be altering the statutory language. Nothing in Code § 26-15 requires a trustee to file any type of report regarding an advertised foreclosure sale that does not take place, i.e., when a sale is not made. Thus, the only accounts of sale that Pollack was required to return to the commissioner were for "sales made." Neither the commissioner of accounts nor the circuit court had authority under Code § 26-15 to proceed against Pollack by issuing summonses or assessing a fine or fees for the 104 advertised sales that were not made. Only

6

when "an account as required by this section [Code § 26-15] has not been filed" is the commissioner or the court authorized to proceed against a trustee by utilizing the procedures and penalties allowed under Code § 26-13.[*] Code § 26-15.

For this reason, we conclude that the circuit court erred by requiring Pollack to file reports for advertised foreclosure sales that were not made and by assessing fees against Pollack personally. Accordingly, we will reverse the judgment of the circuit court and enter final judgment here in favor of Pollack.

Reversed and final judgment.

---

[*] When a fiduciary fails to make a required return, the provisions of Code § 26-13 authorize a commissioner of accounts to issue a summons calling for the fiduciary to make the return. If the fiduciary fails to do so within 30 days after service of the summons, the commissioner is required to report that fact to the court. Then, the court is authorized to issue a summons for the fiduciary's appearance and to impose a fine unless the fiduciary is "excused for sufficient reason." Code § 26-13.

Similarly, under Code § 26-23, the assessment of costs against a fiduciary personally is permitted only when the fiduciary "fail[s], without good cause, to make the returns . . . required."