THUERMER, Plaintiff-Appellant, v. VILLAGE OF MISHICOT, and another, Defendants-Respondents.†

Court of Appeals

*No. 77-739. Submitted on briefs October 23, 1978.—Decided November 13, 1978.*
(Also reported in 272 N.W.2d 409.)

† Petition to review granted, January 19, 1979.

For the appellant the cause was submitted on the briefs of *S. R. Winter* of Manitowoc.

For the respondent the cause was submitted on the brief of *Michael A. Loduha,* and *Savage, Webster, Loduha & Stangel* of Manitowoc.

Before Moser, P.J., Brown and Bode, JJ.

BROWN, J.   In 1973, a taxpayer suit was brought against Richard J. Thuermer alleging wrongful and illegal retention of a salary, received by him as municipal justice, for alleged failure to comply with sec. 254.03(1), Stats.[1]  The complaint alleged that Thuermer had failed to properly execute and file his official oath and bond and was therefore improperly paid his salary pursuant to sec. 254.04, Stats.[2]  After three amended complaints had been filed, the trial court dismissed the suit for failure to state a cause of action upon which relief could be granted.  After the suit had been dismissed, Thuermer sought to recover from the Village of Mishicot the attorney fees paid out in defense of the suit under sec. 895.46(1), Stats.[3]  On November 17, 1977, a writ of

[1] 254.03  **Oath and bond.**   (1) The justice shall, after his election or appointment to fill a vacancy, take and file the official oath as prescribed in s. 256.02(1) and at the same time execute and file an official bond in an amount to be fixed by the governing body.  No justice shall act as such until his oath and bond have been filed.  The oath and bond shall be filed as required by s. 19.01(4)(c).

[2] 254.04  **Salary and fees.**   The governing body shall fix a salary for such justice which shall be in lieu of fees and costs. Fees and taxable costs shall be paid into the municipal treasury as the governing body directs.  The salary may be increased by the governing body before the start of the 2nd or a subsequent year of service of the term of the justice, but shall not be decreased during a term.  Salaries may be paid annually or in equal installments as determined by the governing body, but no justice shall be paid a salary for any time during his term during which such justice has not executed his official bond or official oath, as required by s. 254.03, and filed pursuant to s. 19.01(4)(c).

[3] 895.46  **State and political subdivisions thereof to pay judgments taken against officers.**   (1) Where the defendant in any action . . . is a public officer . . . and is proceeded . . . against as an individual because of acts committed while carrying out duties as an officer . . . and the jury or the court finds that such defendant was acting within the scope of employment the judgment as to damages and costs entered against the officer . . . in excess of any insurance applicable to such officer . . . shall be

mandamus was issued to compel the village to pay the fees. The circuit court of Manitowoc County quashed the writ in an opinion and order issued on February 17, 1978. The circuit court held that Thuermer was not entitled to payment under the mandatory provisions of sec. 895.46(1), Stats. Rather the circuit court held that it was within the discretion of the village to pay under sec. 895.35, Stats.[4] Thuermer is appealing this order quashing the writ of mandamus.

The sole issue on appeal is whether Thuermer is entitled to payment of his attorney's fees under sec. 895.46 (1), Stats.

Thuermer argues that sec. 895.46(1), Stats., previously sec. 270.58, Stats., controls and that the village is *required* to pay the attorney fees, costs, and disbursements in defending the taxpayer suit. He claims the trial court was incorrect in determining that he had been defending title to his position and, therefore, fell under sec. 895.35, Stats. Thuermer also states that the trial court held sec. 895.46(1), Stats., applicable where a public officer is

---

paid by the state or political subdivision of which the defendant is an officer . . . . Regardless of the results of the litigation the governmental unit, when it does not provide legal counsel to the defendant officer . . . shall pay reasonable attorney's fees and costs of defending the action, unless it is found by the court or jury that the defendant officer . . . did not act within the scope of employment. . . .

[4] 895.35 **Expenses in actions against municipal and other officers.** Whenever in any . . . village, . . . charges of any kind are filed or an action is brought against any officer thereof in his official capacity, or to subject any such officer, . . . to a personal liability growing out of the performance of official duties, and such charges or such action is discontinued or dismissed or such matter is determined favorably to such officer, or such officer is reinstated, or in case such officer, without fault on his part, is subjected to a personal liability as aforesaid, such city, town, village, school district, vocational, technical and adult education district or county may pay all reasonable expenses which such officer necessarily expended by reason thereof. . . .

sued for "non-intentional tortious acts." Since the complaint appears to allege a negligent tort, he submits sec. 895.46(1), Stats., should control. He maintains finally that *Bablitch & Bablitch v. Lincoln County,* 82 Wis.2d 574, 263 N.W.2d 218 (1978), set forth the differing manner in which these statutory sections are to be applied and that in this case sec. 895.46(1), Stats., applies. We disagree.

In *Bablitch & Bablitch v. Lincoln County, supra,* the Wisconsin Supreme Court held that where the municipality would be liable if a judgment was rendered against the official, the official is entitled to attorney fees in defending his action. In this case, the municipality would not be liable for the judgment if it had been entered against Thuermer. The *Bablitch* case, however, did not limit sec. 895.46(1), Stats., only to situations where the municipality would be liable. The court merely held that one of the instances where sec. 895.46(1), Stats., applies is where the municipality would be liable for the judgment. Thus, the question of whether Thuermer's claim would come under sec. 895.46(1), Stats., is not controlled by *Bablitch.* We must look further at the facts of this case and the policies behind the statute in order to determine whether or not the legislature intended sec. 895.46(1), Stats., to cover this type of case.

The public policy behind sec. 895.46(1), Stats., is if an official incurs expenses in an attempt to prevent the municipality from being held liable, he is attempting to help not merely himself but the municipality. Thus, the municipality should pay the expenses. If the individual had to pay the expenses, it would be less expensive for the individual to allow a default judgment and make the municipality pay for the judgment. Obviously, this

would not be in the public interest. Therefore under *Bablitch,* an official is entitled to payment of expenses where the municipality would be liable for payment of the judgment if a judgment was entered. In addition sec. 895.46(1), Stats., was intended to give an employee acting in his official capacity some financial protection in the event he was sued for acts which he performed for the governmental unit by which he was employed. The legislature felt that an official acting for the government should be able to do so without fear that he would be personally liable if sued as a result of his acts, provided he was acting within the scope of his employment.

Neither of these policies justify an application of the mandatory provisions of sec. 895.46(1), Stats., to Thuermer's case. He was not acting for the village in filing his bond or taking the oath. These functions were more closely associated with actions required as a condition to employment. Nor was Thuermer acting for the village in defending the taxpayer suit that was brought against him. The village would not have been liable for the judgment if judgment had been rendered against Thuermer. He was defending his right to keep his salary. If judgment had been rendered against Thuermer he would have been personally liable to repay the taxpayers for the salary illegally paid to him. The claim against Thuermer was that he had failed to do certain acts he was required to perform *before* he could officially act as a municipal justice. Thus, the acts were not "acts committed while *carrying out* duties as an officer . . . ." (Emphasis added.) Section 895.46(1), Stats.

The public policies behind the statute would not be furthered if mandatory payment was ordered, and the acts complained of were clearly not acts performed while "carrying out" Thuermer's official duties. Therefore,

the mandatory payment provisions of sec. 895.46(1), Stats., do not apply.

Since the village was not obligated by law to pay Thuermer's legal fees and expenses, the trial court correctly quashed the writ of mandamus.

*By the Court.*—Order affirmed.