STATE of Wisconsin EX REL. Catharine M. LAWTON, Plaintiff-Appellant,

v.

TOWN OF BARTON, Town Board of Barton, Richard Bertram, Michael Dricken, Randy Stark, Russell Prust, and Russell Abel, Defendants-Respondents.

Court of Appeals

*No. 04–0659. Submitted on briefs October 21, 2004.—Decided December 8, 2004.*

2005 WI App 16

(Also reported in 692 N.W.2d 304.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Joseph S. Goode, Mark M. Leitner*, and *Amy Weber Shambarger* of *Whyte Hirschboeck Dudek S.C.*, Madison.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Timothy J. Andringa* of *Cramer, Multhauf & Hammes, LLP*, Waukesha.

Before Anderson, P.J., Brown and Nettesheim, JJ.

¶ 1. ANDERSON, P.J. Catharine M. Lawton appeals from a circuit court order dismissing as moot count four of her amended complaint, which seeks relief under the open meetings law, and an order denying her motion for reconsideration. We hold that a judgment by this court concerning the alleged open meetings law violation would still have a practical legal effect upon an existing controversy and, therefore, count four is not moot. Accordingly, we reverse the orders of the circuit court and remand for proceedings consistent with this opinion.

## FACTS

¶ 2. This is an appeal of a motion to dismiss for failure to state a claim, and therefore we accept as true, for purposes of this review, the following relevant facts from Lawton's complaints. *See generally Tietsworth v. Harley-Davidson, Inc.*, 2004 WI 32, ¶ 5, 270 Wis. 2d 146, 677 N.W.2d 233. In 1994, Russell Abel, the chairman of the Town Board of Barton, appointed Lawton to the Town of Barton Plan Commission. Abel reappointed Lawton to several additional terms; her most recent appointment was set to expire in April 2004.

¶ 3. According to the amended complaint, the town supervisors, Richard Bertram, Michael Dricken, Randy Stark and Russell Prust, unhappy with Lawton's positions on land use matters, met on or around April 21, 2003, to privately arrange a special meeting of the Town Board to consider the removal of Lawton from

the Plan Commission. At those meetings, the town supervisors intended to establish an agreement to remove Lawton at the April 29 special meeting. On April 27, Abel learned for the first time that the Town Board intended to convene on the evening of April 29 to discuss removal of "commissioner(s)" of the Plan Commission. Lawton did not learn of the meeting until April 28. At the April 29 meeting, of which the public had twenty-four hours notice, the town supervisors approved a motion to remove Lawton by a vote of four to one, with Abel casting the lone opposing vote. According to the amended complaint, the local newspaper and radio stations were never informed of the special meeting.

¶ 4. On May 29, 2003, Lawton filed a two-count complaint challenging her dismissal from the Plan Commission by the Town Board. Count one sought certiorari review of the Town Board's decision to remove Lawton and count two sought a declaratory judgment invalidating a section of the Town of Barton's zoning ordinance to the extent that it granted the Town Board any power to appoint or remove members of the Plan Commission. Contemporaneous with the filing of her complaint, Lawton served a verified complaint pursuant to WIS. STAT. § 19.97(1) (2001–02)[1] on the Washington County District Attorney's Office and the State Attorney General's Office, alleging several violations of the open meetings law. On June 2, the Washington County District Attorney's Office notified Lawton that it would not pursue the alleged violations of the open meetings law. On August 13, after an extensive review of the record, the State Attorney General's

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

Office notified Lawton that it would not pursue the matter either, concluding that Lawton was well situated to prosecute the violations on the State's behalf and that limited prosecutorial resources required it to forego initiating a separate investigation. The State Attorney General's Office concluded, however, that the Town Board had violated the open meetings law when it failed to notify the news media of the April 29 removal meeting.

¶ 5. Thereafter, on September 5, Lawton filed two additional claims for relief, both alleging violations under the open meetings law. The third count alleged a violation of Wis. Stat. § 19.84(1)(b), based on the Town Board's failure to provide notice to the news media of the April 29 removal meeting. The fourth count alleged that the town supervisors participated in one or more quorums or "walking" quorums before the April 29 removal meeting with the intent of secretly orchestrating the removal of Lawton from the Town Board and that these quorums or "walking" quorums constituted "meetings" within the meaning of Wis. Stat. § 19.82(2). Lawton submitted that because an actual quorum or "walking" quorum of the Town Board met for the purposes of exercising official responsibilities and no notice was provided, the conduct violated the open meetings law. She sought both a declaration that the town supervisors had violated the open meetings law and civil forfeitures from the town supervisors individually as a penalty for the alleged violation. Lawton alleged that pursuant to Wis. Stat. § 19.97(4) she was entitled to bring a claim based on these violations as a private attorney general.

¶ 6. Also on September 5, Lawton filed a motion for judgment on the pleadings with respect to counts one and two of the amended complaint and a motion for

preliminary injunction asking the court to enter an injunction requiring the Town to immediately reinstate Lawton as a member of the Plan Commission. On September 16, the parties filed a stipulation and order temporarily reinstating Lawton to the Plan Commission pending a decision on the motion for judgment on the pleadings.

¶ 7. After hearing the parties' arguments, the circuit court granted Lawton's certiorari claim in count one and voided the Town Board's April 29 decision to remove Lawton. The circuit court concluded that the Town Board did not have the authority to remove Lawton pursuant to section 8.0102 of the Town's zoning ordinances and the removal provisions in WIS. STAT. § 17.13(1). The court explained that section 8.0102 vested the appointing authority for the Plan Commission in the Town Chairman, in this case Abel, and § 17.13(1) granted Abel, as the appointing officer, the sole authority to remove Lawton. The court then determined that the claims contained within count two of Lawton's amended complaint were moot and granted the Town summary judgment on that count. The court accepted Lawton's representation that the Town conceded a violation of WIS. STAT. § 19.84(1)(b) as alleged in count three and granted judgment on the claim and awarded attorney fees to Lawton. Finally, the court expressed concern over the necessity of addressing count four of the amended complaint, musing that its ruling on count one, which voided the Town Board's action, mooted the issue raised in count four. The court invited the parties to brief the issue.

¶ 8. Following briefing, the court issued a written decision in which it held that count four had been rendered moot by its earlier rulings, despite the Town's concession that the issue was not moot. The court

explained that it had already voided the actions taken at the April 29 removal meeting and "declaring a meeting void for a second reason would add nothing to the analysis." The court rejected Lawton's argument that this case was governed by *State ex rel. Badke v. Village Board of the Village of Greendale*, 173 Wis. 2d 553, 568–69, 494 N.W.2d 408 (1993), where our supreme court held that a claim of an open meetings law violation was not mooted by a subsequent procedurally proper revote by the governing authority. Accordingly, the circuit court dismissed count four of Lawton's amended complaint. Lawton then submitted a motion for reconsideration of the dismissal. The circuit court denied the motion. Lawton now appeals solely from the court's dismissal of count four of her amended complaint.

## STANDARD OF REVIEW

¶ 9. We review de novo the circuit court's granting of a motion to dismiss. *Turkow v. DNR*, 216 Wis. 2d 273, 280, 576 N.W.2d 288 (Ct. App. 1998). In determining whether a party has stated a claim, we are concerned with the legal sufficiency of the complaint. *Town of Eagle v. Christensen*, 191 Wis. 2d 301, 311, 529 N.W.2d 245 (Ct. App. 1995). We accept all alleged facts and reasonable inferences as true, but draw all legal conclusions independently. *Id.* at 311–12.

## DISCUSSION

¶ 10. Lawton's sole claim on appeal is that the circuit court erred in determining that count four of her amended complaint was mooted by its decision to void

the Town Board's actions at the April 29 meeting. An issue is moot when a determination is sought which can have no practical legal effect on an existing controversy. *State ex rel. Jones v. Gerhardstein*, 135 Wis. 2d 161, 169, 400 N.W.2d 1 (Ct. App. 1986). Lawton maintains that the controversy concerning the alleged April 21 meetings persists despite the circuit court's ruling, and a judgment by the court would have a practical legal effect on that controversy. She also argues, as she did before the circuit court, that this case is governed by *Badke*.

### Existing Controversy

¶ 11. We agree with Lawton that the controversy in count four of her amended complaint continues despite the resolution of count one in Lawton's favor. The controversy presented in her first claim is whether the Town Board had the statutory authority to remove her from the Plan Commission. The claim is against the Town Board as a whole and required the court to review the substance of the Town Board's conduct at the April 29 meeting. The controversy presented in count four, on the other hand, is whether the town supervisors in their individual capacity violated the open meetings law by participating in secret meetings on or around April 21 without proper notice to the public or to Abel, the town chairperson. *See State ex rel. Newspapers, Inc. v. Showers*, 135 Wis. 2d 77, 92, 102, 398 N.W.2d 154 (1987) (holding that when government officials gather either formally or informally to engage in governmental business and the group has the potential to determine the outcome of the matter under discussion, the gathering is governed by the open meetings law). This controversy then is against the town supervisors as individu-

als, and not the Town Board, and concerns the legal status of the informal secret meetings the town supervisors participated in on or around April 21, and not the formal action of the Town Board on April 29. Put simply, counts one and four involve different defendants and different alleged conduct that occurred on different dates and are premised on different legal theories.

¶ 12. The Town also seems to suggest that the circuit court's determination that the Town Board violated the open meetings law when it failed to properly notice the news media of the April 29 meeting moots Lawton's claim in count four of her amended complaint. However, this ruling clearly does not extinguish the controversy in count four. The claim in count three deals with the lack of requisite notice for the April 29 meeting whereas the claim in count four alleges a "walking" quorum violation on or around April 21. These are two distinct legal concepts that deal with different violations that occurred at different times.

### *Practical Legal Effect*

¶ 13. Contrary to the Town's assertion that because the circuit court declared the meeting void and Lawton has been reinstated, Lawton has achieved "for all practical purposes everything possible" for relief, a judgment by the court would have a practical legal effect on the existing controversy. While Lawton may have obtained the relief she was entitled to personally when the court voided the Town Board's decision to remove her from the Plan Commission, in arguing that she is entitled to no further relief, the Town misunderstands Lawton's role as a private attorney general in her open meetings law claim.

397

¶ 14. Wisconsin Stat. § 19.97(4) provides that if, as here, the district attorney does not commence an enforcement action for an open meetings law violation, an individual may bring an action for enforcement "on his or her relation in the name, and on behalf, of the state." This is precisely what Lawton has chosen to do.

¶ 15. As a so-called "private attorney general," Lawton stands in the shoes of the state enforcing not only her own, but also, the rights of the denizens of this state to open government. *See State ex rel. Hodge v. Town of Turtle Lake*, 180 Wis. 2d 62, 78, 508 N.W.2d 603 (1993). On behalf of the state, she is entitled to prosecute the alleged open meetings law violations to the fullest extent of the law and to seek certain remedies. Those remedies include the relief she seeks in this case: a declaration concerning the legal status of the town supervisors' actions on or around April 21 and civil forfeitures assessed individually against the town supervisors for participating in meetings in violation of the open meetings law. *See* Wis. Stat. § 19.96 (providing that "[a]ny member of a governmental body who knowingly attends a meeting of such body held in violation of this subchapter, or who, in his or her official capacity, otherwise violates this subchapter by some act or omission shall forfeit without reimbursement not less than $25 nor more than $300 for each such violation"); Wis. Stat. § 19.97(1)-(4) (providing that a person acting as a private attorney general may bring an action on behalf of the state to obtain a declaratory judgment and/or civil forfeitures). Thus, a judgment by a court would have a meaningful effect on the controversy separate and apart from the relief Lawton personally sought in count one of her amended complaint. A judgment would declare, for the citizens of the state, the legal status of the acts of the town supervisors on April 21 and

potentially impose forfeitures on the town supervisors for their knowing failure to comply with the open meetings law.

¶ 16. Furthermore, we also reject the Town's intimations that the relief granted in count three of the amended complaint, the declaration that the Town Board violated the open meetings law by failing to notice the news media of the April 29 meeting and the award of attorneys fees, somehow means that a judgment on count four could not have a practical legal effect on the controversy. The court's ruling on count three does not speak to the relief sought in count four—the declaration that the town supervisors violated the open meetings law on or around April 21 and the award of civil forfeitures for that violation—and, therefore, does not impact our holding that a judgment by this court would have a meaningful impact on an existing controversy.

### *Badke*

¶ 17. We observe that the parties devote much of their briefs debating the applicability of our supreme court's holding in *Badke*. In *Badke*, our supreme court held that a claim alleging an open meetings law violation by a village board was not mooted by the subsequent procedurally proper revote that was taken on the substantive issue involved in the initial improperly noticed governmental meeting. *Badke*, 173 Wis. 2d at 566–69. Our supreme court explained that if it dismissed the case as moot, it would be permitting a government entity to make an end run around the open meetings law. *Id.* at 566, 569. Rather than hold open meetings, the entity could hold meetings behind closed

doors, and upon the filing of a complaint, open the meeting to the public. *Id.* at 569. The complaint would then be dismissed as moot and the public would never know of the information and discussion that took place at the first secret meeting which may have formed the basis for the entity's decision at the second meeting. *Id.*

¶ 18. We agree with the circuit court and the Town that *Badke* is distinguishable on its facts. The *Badke* court's concern that the governmental entity would be able to manipulate the process by adhering to the open meetings law the second time and still get the same result it desired is not present in this case—the Town Board does not have the statutory authority to remove Lawton, its actions at the April 29 meeting are void and Lawton has been reinstated. However, simply because our supreme court's discussion of the open meetings law was geared toward the specific facts in that case does not mean that its general discussion concerning the purpose and spirit of the law is irrelevant to our consideration of this case. As we will point out, it is meaningful.

¶ 19. First, as we have already explained, the controversy concerning the alleged April 21 open meetings law violations was not resolved by the circuit court's grant of judgment in Lawton's favor either in her certiorari action or in her other open meetings law claim, and a judgment by this court would have a practical legal effect on that controversy. Second, although the supreme court's discussion of how the governmental entity in *Badke* tried to run around the open meetings law is not helpful to our analysis under the facts here, the *Badke* court spent a great deal of time discussing the general principles of public policy underpinning the open meetings law. That discussion guides us in our determination in this case, even though

the facts might be different. As the court explained, the purpose of the open meetings law is to protect the public's right to the fullest and most complete information regarding the affairs of government as is compatible with the conduct of government business. *Badke*, 173 Wis. 2d at 570; *see also State v. Swanson*, 92 Wis. 2d 310, 321–22, 284 N.W.2d 655 (1979). The legislature has issued a clear mandate that we are to vigorously and liberally enforce the policy behind the open meetings law. *See Badke*, 173 Wis. 2d at 570 ("The open meeting law demands that it be liberally construed in favor of open government."). If we adopted the circuit court's conclusion, and the Town's argument on appeal, that the claim concerning the town supervisors conduct on or around April 21 was mooted by the court's nullification of the Town Board's actions at the April 29 meeting, we potentially would be sanctioning an attempt by members of a government authority to circumvent the policy of openness the statute strives to protect. As *Badke* and other cases instruct, this is a result we cannot countenance. *See, e.g., id.* at 569–70; *Showers*, 135 Wis. 2d at 95–96. Thus, we conclude that count four of Lawton's amended complaint is not moot.

■

¶ 20. Finally, Lawton also asks us to consider the merits of her claim—whether the town supervisors alleged participation in quorums or "walking" quorums actually constituted a violation of the open meetings law. However, because the circuit court concluded that the issue was moot, it did not have the opportunity to pass upon the factual and legal questions presented by such claim. Generally, we will not consider issues that the circuit court has not yet had the opportunity to pass upon. *State v. Holland Plastics Co.*, 111 Wis. 2d 497, 504, 331 N.W.2d 320 (1983). We therefore reverse and

remand this case to the circuit court for further proceedings regarding that issue.

*By the Court.*—Orders reversed and cause remanded with directions.