**COURT OF APPEALS
DECISION
DATED AND FILED**

**April 29, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.      **2020AP462**

**STATE OF WISCONSIN**

Cir. Ct. No. **2019CV1174**

**IN COURT OF APPEALS
DISTRICT IV**

AQUILLA JESSIE,

    PLAINTIFF-APPELLANT,

  V.

STATE OF WISCONSIN,
STATE OF WISCONSIN - DEPARTMENT OF CORRECTIONS
AND ALEX WOUTS,

    DEFENDANTS-RESPONDENTS.

        APPEAL from an order of the circuit court for Dane County: STEPHEN E. EHLKE, Judge. *Affirmed.*

        Before Blanchard, Kloppenburg, and Nashold, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Aquilla Jessie appeals a circuit court order dismissing his petition for declaratory judgment. On appeal, Jessie argues that the circuit court erred when it dismissed his petition on the basis of sovereign immunity. For the reasons discussed below, we affirm the order of the circuit court.

## BACKGROUND

¶2     In November 2017, Jessie filed a civil complaint in the United States District Court for the Western District of Wisconsin under 42 U.S.C. § 1983, naming correctional officers Alex Wouts, Randall Hepp, Mark Schomisch, and Brian Schueler as defendants, as well as Fox Lake Correctional Institution and the Wisconsin Department of Corrections (DOC). Jessie alleged that, while he was an inmate at Fox Lake, he was repeatedly sexually assaulted and abused by Wouts. The federal district court dismissed all of the defendants from the action except for Wouts. Wouts failed to appear in the federal court action, resulting in the entry of a default judgment against him. After a hearing on damages, the federal district court entered a money judgment against Wouts in the amount of $4.5 million for violation of Jessie's rights under the Eighth Amendment of the United States Constitution.

¶3     Jessie filed a petition in the Dane County Circuit Court against the State of Wisconsin and the DOC (collectively, "the State"), seeking a declaration under the Uniform Declaratory Judgments Act, WIS. STAT. § 806.04 (2019-20),[1] that Wouts acted within the scope of his employment when he violated Jessie's

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

constitutional rights, and a declaration that the State was responsible for indemnifying and paying the $4.5 million judgment pursuant to Wisconsin's public employee indemnity statute, WIS. STAT. § 895.46. The State moved to dismiss the petition, arguing that the suit was barred by the doctrine of sovereign immunity, that Jessie lacked standing to pursue indemnification on behalf of Wouts under § 895.46, and that Jessie could not otherwise state a claim for declaratory judgment. The circuit court granted the State's motion to dismiss on sovereign immunity grounds and did not reach the State's remaining arguments. Jessie appeals.

## DISCUSSION

¶4    "A motion to dismiss based on sovereign immunity challenges a court's personal jurisdiction." *DNR v. Timber & Wood Prods. Located in Sawyer Cnty.*, 2018 WI App 6, ¶17, 379 Wis. 2d 690, 906 N.W.2d 707 (2017). We review the circuit court's granting of a motion to dismiss de novo. *State ex rel. Lawton v. Town of Barton*, 2005 WI App 16, ¶9, 278 Wis. 2d 388, 692 N.W.2d 304 (2004).

¶5    The State's sovereign immunity derives from article IV, section 27 of the Wisconsin Constitution, which states, "The legislature shall direct by law in what manner and in what courts suits may be brought against the state." Courts have interpreted this provision to mean that the State cannot be sued without its consent. *PRN Assocs. LLC v. DOA*, 2009 WI 53, ¶51, 317 Wis. 2d 656, 766 N.W.2d 559. If the legislature has not specifically consented to the suit, then sovereign immunity generally deprives a court of personal jurisdiction over the State. *Id.*

¶6    Jessie attempts to avoid the application of the sovereign immunity doctrine by arguing that WIS. STAT. § 895.46(1)(a) requires the State to pay a

judgment obtained by a plaintiff when: (1) the defendant is a public officer or employee; (2) the lawsuit was initiated against the defendant because of acts committed while carrying out duties as an officer or employee; and (3) the jury or court finds that the defendant was acting within the scope of his or her employment. Jessie asserts that the first two requirements have been satisfied in this case, and that the sole remaining issue is whether Wouts acted within the scope of his employment when he committed the acts alleged in Jessie's federal court complaint. He requests that this court reverse the circuit court's dismissal order and remand the case for a factual determination on the issue of whether Wouts acted within the scope of his employment. For reasons we now discuss, we reject Jessie's arguments.

¶7     WISCONSIN STAT. § 895.46 provides, in relevant part,

> If the defendant in any action or special proceeding is a public officer or employee and is proceeded against in an official capacity or is proceeded against as an individual because of acts committed while carrying out duties as an officer or employee and the jury or the court finds that the defendant was acting within the scope of employment, the judgment as to damages and costs entered against the officer or employee ... in excess of any insurance applicable to the officer or employee shall be paid by the state or political subdivision of which the defendant is an officer or employee. Agents of any department of the state shall be covered by this section while acting within the scope of their agency.... If the officer, employee or agent of the state refuses to cooperate in the defense of the litigation, the officer, employee or agent is not eligible for any indemnification or for the provision of legal counsel by the governmental unit under this section.

¶8     The Wisconsin Supreme Court has specifically considered and rejected the argument that the State may be joined as a party defendant as indemnitor for state employees named as defendants, pursuant to WIS. STAT. § 895.46(1). *Fiala v. Voight*, 93 Wis. 2d 337, 340, 348, 286 N.W.2d 824 (1980).

4

On this basis we reject Jessie's argument that the State was properly named as a party in the Dane County Circuit Court action. In addition, to the extent Jessie argues that the indemnity provided by § 895.46(1)(a) constitutes consent by the State to be sued, or a waiver of sovereign immunity, we reject that argument as well.

¶9     Jessie also argues that his petition for declaratory relief falls under an exception to the sovereign immunity doctrine because, as a plaintiff who has obtained a judgment against an employee of the State, he is entitled under the Uniform Declaratory Judgments Act, WIS. STAT. § 806.04, to seek a determination regarding whether Wouts acted within the scope of his employment. To support this argument, Jessie cites *Lister v. Board of Regents*, 72 Wis. 2d 282, 303, 240 N.W.2d 610 (1976), in which our supreme court stated that "the declaratory judgment procedure is particularly well-suited (in cases where such relief is otherwise appropriate) for resolving controversies as to the constitutionality or proper construction and application of statutory provisions."

¶10    However, as the State points out, the exception discussed in *Lister* does not apply to a declaratory judgment action that, at its core, "seeks to fix the state's responsibility to respond to a monetary claim." *Id.* at 308. In *Lister*, former students filed an action in federal district court, asserting constitutional claims and seeking to recover the difference between nonresident and resident tuition paid. *Id.* at 288. The university registrar and the university's Board of Regents were named as defendants. *Id.* The district court invoked the federal abstention doctrine and retained jurisdiction, pending the resolution of state law issues in state court. *Id.* The plaintiffs then initiated a declaratory judgment action in the state circuit court, seeking a declaration as to the plaintiffs' rights under state law to be classified as state residents for tuition purposes. *Id.* at 288-

5

89. The circuit court concluded that the doctrine of sovereign immunity precluded the plaintiffs' recovery. *Id.* at 291. Our supreme court affirmed. The court reasoned that the "underlying philosophy of the Uniform Declaratory Judgments Act is to enable controversies of a justiciable nature to be brought before the courts for settlement and determination prior to the time that a wrong has been threatened or committed." *Id.* at 307. The court further stated:

> A court cannot close its eyes to the purpose which a declaration of rights will serve in the particular case. It is not a sufficient ground for declaratory relief that the parties have a difference of opinion as to the proper construction and application of a particular statute. No anticipatory or preventative relief is sought in this action.... The action is, in effect, one for damages.

*Id.* at 308.

¶11 Here, as in *Lister*, Jessie did not make any direct demand for a monetary remedy on the face of his claims for declaratory judgment. Nonetheless, at its core, the purpose of the petition was to seek a declaration that Jessie had a right to recover his federal court judgment from the State under the indemnity statute, WIS. STAT. § 895.46. Also like the plaintiffs in *Lister*, the relief sought by Jessie was neither preventative nor anticipatory. *See id.* at 308. Jessie had already obtained a monetary judgment against Wouts. The purpose of his petition, then, was to recover the judgment from the State, albeit in an indirect manner. We conclude that the doctrine of sovereign immunity precludes him from doing so.

¶12 The remainder of Jessie's arguments fail because the authorities cited in his briefs do not support his position. Jessie interprets Wisconsin's joinder statute, WIS. STAT. § 803.03(1)(b),[2] to mean that the State has "an interest in the ...

---

[2] WISCONSIN. STAT. § 803.03(1) provides, in relevant part,

(continued)

scope of employment question and obligation to pay under [WIS. STAT.] § 895.46(1)(a)" and, therefore, can be properly joined as a defendant. Jessie's reliance on the joinder statute is misplaced. Section § 803.03(1) lacks any language that would suggest a waiver of sovereign immunity, either express or implied, and Jessie fails to cite any case law that supports his interpretation of the statute.

¶13    Similarly, Jessie's reliance on cases involving litigation against local governments is misplaced. For example, the cases of *Larson v. Lester*, 259 Wis. 440, 49 N.W.2d 414 (1951), and *Desotelle v. Continental Casualty Co.*, 136 Wis. 2d 13, 400 N.W.2d 524 (Ct. App. 1986), *disavowed on other grounds by Kruckenberg v. Harvey*, 2005 WI 43, ¶62, 279 Wis. 2d 520, 694 N.W.2d 879, involved injured plaintiffs who sued local government entities. However, local governments do not enjoy sovereign immunity as state entities do and, therefore, these cases are inapposite. *See Fiala*, 93 Wis. 2d at 348 ("local governmental units not protected by the doctrine of sovereign immunity are susceptible to joinder as indemnitors"). Other cases cited by Jessie involved public employees

---

A person who is subject to service of process shall be joined as a party in the action if:

….

(b) The person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may:

1. As a practical matter impair or impede the person's ability to protect that interest; or

2. Leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his or her claimed interest.

7

who sued their employers for indemnification. *See, e.g.*, ***Cameron v. City of Milwaukee***, 102 Wis. 2d 448, 456, 307 N.W.2d 164 (1981); ***Thuermer v. Village of Mishicot***, 86 Wis. 2d 374, 379, 272 N.W.2d 409 (Ct. App. 1978). Unlike the plaintiffs in ***Cameron*** and ***Thuermer***, however, Jessie is not himself a public employee and, therefore, does not enjoy the indemnification rights provided to public employees under WIS. STAT. § 895.46.

¶14 Jessie relies on an isolated statement in ***Forseth v. Sweet***, 38 Wis. 2d 676, 158 N.W.2d 370 (1968), in an attempt to bolster his argument that the State should be financially liable, post-judgment, for the damages he was awarded in federal court. He quotes the following language: "A plaintiff ... may seek to have his judgment paid by the state after the verdict, … for until then the state has no legal responsibility and no authority to bargain." ***Forseth***, 38 Wis. 2d at 690. However, notwithstanding the language identified in isolation by Jessie, the court in ***Forseth*** unequivocally concluded that "[t]here is no 'right' of a citizen to hold his [or her] sovereign substantively liable for a tort." ***Id.*** at 688. This principle has since been reaffirmed on multiple occasions. *See, e.g.*, ***Cords v. State***, 62 Wis. 2d 42, 49-50, 214 N.W.2d 405 (1974) ("[T]he wording of art. IV, sec. 27 of the Wisconsin Constitution which says that 'The legislature shall direct ...' has always been interpreted as vesting exclusive control over immunity from suit in the legislature"); *see also* ***Carlson v. Pepin Cnty.***, 167 Wis. 2d 345, 356, 481 N.W.2d 498 (Ct. App. 1992) ("[S]ec. 895.46, Stats., which provides indemnity by the state for judgments against public employees because of acts committed within the scope of their employment, does not permit a tort victim to sue the state directly"). Jessie's argument is not tenable under binding Wisconsin precedent.

¶15 We conclude, in light of all of the above, that Jessie's petition for declaratory judgment was properly dismissed on sovereign immunity grounds.

8

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.