Michael W. Gragg, Karen J. Follansbee-Gragg and Brittany Gragg, a minor, by her Guardian ad Litem, Sarah E. Frink, Plaintiffs-Appellants,

Guardian Life Insurance Company, Involuntary-Plaintiff,

v.

American Family Mutual Insurance Company, a Wisconsin insurance corporation, Defendant-Respondent,

John J. Wright, Defendant.

Court of Appeals

*No. 01–0178. Submitted on briefs September 6, 2001.—Decided October 3, 2001.*

2001 WI App 272

(Also reported in 637 N.W.2d 477.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Sarah E. Frink* of *Cannon & Dunphy, S.C.* of Brookfield.

On behalf of the defendant-respondent American Family Mutual Insurance Company, the cause was submitted on the brief of *James T. Murray, Jr.,* of *Peterson, Johnson & Murray, S.C.* of Milwaukee.

Before Nettesheim, P.J., Brown and Snyder, JJ.

¶ 1. BROWN, J. Michael W. Gragg, Karen J. Follansbee-Gragg and Brittany Gragg, a minor, appeal from an order dismissing their motion for declaratory judgment against American Family Mutual Insurance Company. The Graggs argue that the trial court erred by: (1) finding that American Family's "two or more cars insured" provision is a valid antistacking clause, and (2) finding that the highest limit of liability was the $100,000 per person limit rather than the $300,000 per occurrence limit. We affirm on both issues.

¶ 2. The facts are undisputed. On September 7, 1996, the Graggs were traveling north on Highway 45 when an uninsured driver, John J. Wright, swerved into their lane striking the Graggs' car head on. Both Michael and Karen Gragg sustained bodily injury. The Graggs had three cars insured with American Family. Two policies were identical and included uninsured motorist (UM) coverage in the amount of $50,000 per person for bodily injury and $100,000 per accident. A third policy provided uninsured motorist coverage in the amount of $100,000 per person for bodily injury and $300,000 per accident. The Graggs received $36,000 as a settlement for Karen's injuries and $100,000 as a settlement for Michael's injuries.

¶ 3. Each policy also contained a "two or more cars insured" clause in the general provisions section. This clause provides:

> **Two or More Cars Insured**. The total limit of **our** liability under all policies issued to **you** by **us** shall not exceed the highest limit of liability under any one policy.

¶ 4. In their motion for declaratory judgment, the Graggs asserted that the "two or more cars insured" language fails to create an antistacking provision and

therefore Wis. Stat. § 631.43(1) (1999–2000)[1] applies to allow stacking of the policies. They also asserted that a reasonable insured seeking UM coverage would understand the highest limit of liability under any one policy is the highest limit contained in the declarations page of the policy, in this case $300,000. American Family responded that this language creates a valid antistacking provision which limits the amount of money to which Michael Gragg is entitled to $100,000, the amount he has already received under one of the policies. The trial court dismissed the Graggs' motion for declaratory judgment, holding that the "two or more cars insured" clause is a valid antistacking provision that limits American Family's liability to $100,000.

■

¶ 5.   The grant or denial of relief in a declaratory judgment action is a matter within the discretion of the trial court. *Allstate Ins. Co. v. Gifford*, 178 Wis. 2d 341, 346, 504 N.W.2d 370 (Ct. App. 1993). The trial court's exercise of discretion is erroneous only if the court proceeds on an erroneous interpretation of the law. *See id.*

¶ 6.   Prior to the enactment of 1995 Wis. Act 21, Wis. Stat. § 631.43(1)[2] invalidated any clause that precluded the stacking of insurance coverage. Pursuant to this legislation, however, the Wisconsin legislature

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[2] Wisconsin Stat. § 631.43(1) provides in relevant part:

General. When 2 or more policies promise to indemnify an insured against the same loss, no "other insurance" provisions of the policy may reduce the aggregate protection of the insured below the lesser of the actual insured loss suffered by the insured or the total indemnification promised by the policies if there were no "other insurance" provisions.

changed the law regarding the prohibition of antistacking clauses and, with the creation of § 631.43(3) (1995–96), carved an exception that allows antistacking provisions. Read together, § 631.43 and WIS. STAT. § 632.32 state in relevant part:

**631.43 Other insurance provisions.**

. . . .

(3) EXCEPTION. Subsection (1) does not affect the rights of insurers to exclude, limit, or reduce coverage under s. 632.32(5)(b), (c) or (f) to (j).

**632.32 Provisions of motor vehicle insurance policies.**

. . . .

(5) PERMISSIBLE PROVISIONS.

. . . .

(f) A policy may provide that regardless of the number of policies involved, vehicles involved, persons covered, claims made, vehicles or premiums shown on the policy or premiums paid the limits for any coverage under the policy may not be added to the limits for similar coverage applying to other motor vehicles to determine the limit of insurance coverage available for bodily injury or death suffered by a person in any one accident.

██

¶ 7. The Graggs argue that the language in the "two or more cars insured" provision contained in the UM policies does not preclude stacking of their UM limits because it does not follow the language contained in WIS. STAT. § 632.32(5)(f). In particular, they emphasize that the word "stacking" does not appear anywhere

in the contract clause. American Family responds that it is not required to parrot the language in the statute in order to create a valid antistacking clause. We agree with American Family and conclude that the trial court correctly applied the law to the facts of this case.

¶ 8. *Hanson v. Prudential Property & Casualty Insurance Co.*, 224 Wis. 2d 356, 591 N.W.2d 619 (Ct. App. 1999), controls the outcome of this appeal. Hanson, like the Graggs, contended that his insurance policy's antistacking language was invalid because it failed to conform to the language set forth in Wis. Stat. § 632.32(5)(f). *See Hanson*, 224 Wis. 2d at 370. We rejected this argument, holding that § 632.32(5)(f) "contains no indication that magic language is required or that a policy must parrot the statute." *Hanson*, 224 Wis. 2d at 370. As *Hanson* instructs, American Family was not required to parrot, word for word, the language contained in the statute.

¶ 9. The Graggs attempt to avoid the mandate of *Hanson* by arguing that the "two or more cars insured" language is more vague than that in the *Hanson* insurance contract and therefore is void and unenforceable under Wis. Stat. § 631.43(1). In *Hanson*, the language at issue provided: "Coverages on other cars insured by us cannot be added to or stacked on the coverage of the particular car involved." *Hanson*, 224 Wis. 2d at 371 (emphasis omitted). The Graggs assert that "[w]hile this language [in *Hanson*] provides reasonable notice to its insured that the limits cannot be added together or stacked, it is very different from American Family's in this case, which provides that its total limit of liability 'shall not exceed the highest limit of liability under any one policy.' "

¶ 10. Essentially, the Graggs are asking us to find a distinction between informing an insured that he or

she cannot add the limits of multiple policies and informing an insured that he or she is limited to the single highest limit offered in the policies. We fail to see a relevant distinction between these phrases. In either case, the insured may not aggregate policy limits but instead may only have available the highest limit under any one policy. That the policy language in *Hanson* used the words "added or stacked" does not render that case inapplicable here. We conclude that the "two or more cars insured" clause is unambiguous and capable of being reasonably understood to preclude stacking. While this precise issue has not previously been presented to courts in Wisconsin, courts in other states have held likewise. *See, e.g., Am. Family Mut. Ins. Co. v. Martin*, 728 N.E.2d 115, 117–18 (Ill. App. Ct. 2000); *Mut. of Enumclaw Ins. Co. v. Grimstad-Hardy*, 857 P.2d 1064, 1066–67 (Wash. Ct. App. 1993).

¶ 11. The Graggs also point to American Family's modification of the terms of its policies after 1996 (and after the date of the accident) to more closely conform to the language of the new legislation as evidence that American Family knew its "two or more cars insured" language was void and unenforceable as an antistacking provision. It is more likely, however, that the company added the provision tracking the language of the antistacking statute in order to avoid lawsuits like this one. *See Dorschner v. State Farm Mut. Auto. Ins. Co.*, 2001 WI App 117, ¶ 12, 244 Wis. 2d 261, 628 N.W.2d 414, *review denied* (Wis. July 18, 2001) (No. 00–2229) (policy that tracks verbatim language of antistacking statute is unambiguous and court will not inquire whether policy is illusory). Regardless of the reason for the change in the policy, however, we determine that the policy language that was in effect at the time of the accident accomplished what 1995 Wis. Act 21 validated and may

be enforced to prevent stacking of the Graggs' policies. We note that the Graggs' policies also contained an elasticity clause providing that any policy language that was contrary to state law would be unenforceable.[3] The antistacking legislation validated the "two or more cars insured" clauses, effective on July 15, 1995, which was before the Graggs' accident. *See* 1995 Wis. Act 21, § 6.[4]

■

¶ 12. The Graggs next argue that where two people sustain bodily injury in a single accident, the highest limit of liability referred to in the "two or more cars insured" clause is the $300,000 per accident limit. While the rule thus stated is accurate, it does not apply in this case. The injuries suffered by Karen and Brittany are derivative claims for loss of consortium and loss of society and companionship arising from Michael's bodily injuries. Such injuries may be an element of damage recoverable by the family members, but they are not "bodily injury" within the meaning of the provisions of the American Family policy. *Richie v.*

---

[3] The elasticity clause states, "Terms of this policy which are in conflict with the statutes of the state in which this policy is issued are changed to conform to those statutes."

[4] The Graggs' reliance on *Blazekovic v. City of Milwaukee*, 2000 WI 41, 234 Wis. 2d 587, 610 N.W.2d 467, is misplaced. *Blazekovic* addressed the "drive other car" exclusions allowable under Wis. Stat. § 632.32(5)(j). The court noted that three specific elements must be present in order for a "drive other car" exclusion to be valid under the statute. *Blazekovic*, 2000 WI 41 at ¶ 21. The provision in Blazekovic's policy, drafted before the legislative changes, did not satisfy those three elements and was therefore void. *Id.* at ¶ 42. There are no such special elements required under § 632.32(5)(f) governing monetary limits of recovery.

*Am. Family Mut. Ins. Co.*, 140 Wis. 2d 51, 56–57, 409 N.W.2d 146 (Ct. App. 1987). Thus, the Graggs' derivative claims are subject to the $100,000 "each person" policy limit, and not to the $300,000 "each occurrence" limit. *See id.* (if only one person receives bodily injuries in a collision, the "each person" limitation applies no matter how many others may derive secondary claims from those injuries).

¶ 13.   The Graggs' attorney inquires "[w]hy in the world would [the Graggs] believe that they were subject to a limit of $100,000 when their insurance company had already paid them $136,000?" The answer is because the insurance policy unambiguously tells them so. The policy plainly states that an insured is entitled to the $300,000 "each occurrence" limit only when two or more people have suffered bodily injury in one occurrence, and are making a claim under the same policy.[5] A reasonable person in the position of the insured would understand that in such a case, each person is entitled to a maximum recovery of $100,000, with the aggregate amount of recovery restricted to the "each occurrence" limit of $300,000. The trial court properly concluded that the applicable limit of liability in this case is $100,000.

---

[5] For clarity, we quote from the policy directly:

The limits of liability shown in the declarations apply, subject to the following:

1. The **bodily injury** liability limit for "each person" is the maximum for all damages sustained by all persons as the result of **bodily injury** to one person in any one occurrence.

2. Subject to the **bodily injury** liability limit for "each person" the **bodily injury** liability limit for "each occurrence" is the maximum for **bodily injury** substained (sic) by two or more persons in any one occurrence.

*By the Court.*—Order affirmed.