Progressive Casualty Insurance Company,
Plaintiff-Appellant,

v.

Tessa M. Bauer and Allen Bauer,
Defendants-Respondents,

Justin R. Sinz, Derrick A. Wittig
and Humana Wisconsin Health Organization
Insurance Corporation,
Defendants.

Court of Appeals

*No. 2006AP1568. Submitted on briefs March 5, 2007.
—Decided March 20, 2007.*

2007 WI App 122

(Also reported in 731 N.W.2d 378.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Terrance E. Davczyk* of *Davczyk & Varline, LLC*, Wausau.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Jon D. Seifert* of *Goethel, Seifert & Schultz, SC*, Durand.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. This case arises out of a motorcycle accident allegedly caused by negligence on the part of both the motorcycle's owner and its driver. Both are insureds under a Progressive Insurance policy covering the motorcycle. The circuit court concluded both are entitled to the full "each person" limit of $25,000 in liability protection, for a total of $50,000. Progressive argues the "anti-stacking" provision in WIS. STAT. § 632.32(5)(f)[1] allows it to limit its total liability to $25,000. We disagree and affirm the order.

## FACTS

¶ 2. This case has its genesis in a July 4, 2004 motorcycle accident. Tessa Bauer, the passenger on the motorcycle, was injured in the accident. Justin Sinz was driving the motorcycle, and Derrick Wittig was the motorcycle's owner. Wittig was the named insured on the Progressive policy covering the motorcycle. Because he was driving, Sinz was also an insured as defined in the policy.

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

¶ 3. The policy had limits of $25,000 per injured person and $50,000 per accident. The "limits of liability" section of the policy stated that "The limit of liability shown on the Declarations Page is the most [Progressive] will pay regardless of the number of . . . insured persons . . . ."

¶ 4. On July 27, 2005, Progressive filed this declaratory judgment action. Soon after, Progressive moved for a judgment declaring its total liability to be its $25,000 "each person" limit. Bauer disagreed. She argued Wisconsin's omnibus statute requires Progressive to provide $50,000 of coverage: $25,000 for Wittig's negligent entrustment of the vehicle to Sinz and an additional $25,000 for Sinz's negligence in causing the accident. The circuit court agreed with Bauer and ordered Progressive to provide $50,000 of coverage to its insureds.

## STANDARD OF REVIEW

¶ 5. The meaning of a statute and its application to undisputed facts are questions of law decided without deference to the circuit court, but benefiting from its analysis. *Hess v. Fernandez*, 2005 WI 19, ¶ 36, 278 Wis. 2d 283, 692 N.W.2d 655; *Hanson v. Prudential Prop. & Cas. Ins. Co.*, 224 Wis. 2d 356, 363, 591 N.W.2d 619 (Ct. App. 1999).

## DISCUSSION

¶ 6. Both parties begin their analysis with *Iaquinta v. Allstate Ins. Co.*, 180 Wis. 2d 661, 510 N.W.2d 715 (Ct. App. 1993).[2] In *Iaquinta*, the plaintiff

---

[2] The parties discuss *Iaquinta* in tandem with *Miller v. Amundson*, 117 Wis. 2d 425, 345 N.W.2d 494 (Ct. App. 1984).

was injured in a collision with a drunk driver. *Id.* at 664. She alleged a negligence claim against the driver and a negligent entrustment claim against the owner of the vehicle, who had permitted the driver to use it. *Id.* Both were insureds under Allstate's policy, which had a $25,000 "each person" limit.

¶ 7. We concluded Wisconsin's omnibus statute required Allstate to provide $25,000 of coverage to each of its insureds, regardless of the language in its policy. We relied on WIS. STAT. § 632.32(3)(a) (1991–92):[3]

> Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.

Because both negligent operation of the vehicle and negligent entrustment of it involved active negligence, we concluded both the driver and the owner of the vehicle were entitled to equal—and therefore full—protection under the policy. *Iaquinta*, 180 Wis. 2d at 669. We therefore required Allstate to provide $25,000 in coverage to both the driver and the owner, for a total of $50,000. *Id.*

¶ 8. Progressive insists *Iaquinta* was overruled when the legislature enacted WIS. STAT. § 632.32(5)(f). We are not convinced.

---

For our purposes here, both the relevant facts and the holding in *Miller* are the same as those in *Iaquinta*. *See Iaquinta v. Allstate Ins. Co.*, 180 Wis. 2d 661, 664–67, 510 N.W.2d 715 (Ct. App. 1993); *Miller*, 117 Wis. 2d at 427–30.

[3] WISCONSIN STAT. § 632.32(3)(a) remains unchanged from the 1991–92 version.

¶ 9. When interpreting statutes, we begin with the language of the statute. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. Statutory language is given its common, ordinary, and accepted meaning. *Id.* We interpret statutory language in the context in which it is used and in relation to the language of surrounding or closely related statutes. *Id.*, ¶ 46. If after this inquiry a reasonably well informed person could still understand the statute in two or more senses, we consult extrinsic sources, primarily legislative history, in order to determine its meaning. *Id.*, ¶¶ 47, 50.

¶ 10. WISCONSIN STAT. § 632.32(5)(f) was enacted in 1995, two years after we decided *Iaquinta.* 1995 Wis. Act 21 § 4. It provides:

> A policy may provide that regardless of the number of policies involved, vehicles involved, persons covered, claims made, vehicles or premiums shown on the policy or premiums paid the limits for any coverage under the policy may not be added to the limits for similar coverage applying to other motor vehicles to determine the limit of insurance coverage available for bodily injury or death suffered by a person in any one accident.

Progressive argues this statute was intended to overrule *Iaquinta* and *Miller* and allow it to limit its liability to its "each person" limit regardless of the number of insureds involved in the accident.

¶ 11. However, as Bauer points out, the statute merely allows the policy to prohibit an insured from adding the limit of coverage on one policy "to the limits for *similar coverage applying to other motor vehicles* . . . ." WIS. STAT. § 632.32(5)(f) (emphasis added). Here, as in *Iaquinta*, there are no "other motor ve-

hicles." There is only a single motorcycle and two insureds. Similarly, there are not two "similar coverage[s]" here; there is a single coverage and multiple insureds, both of whom are entitled to full and equal protection under WIS. STAT. § 632.32(3)(a). Section 632.32(5)(f) therefore does not overrule *Iaquinta* or apply to the situation here.

¶ 12. Progressive argues its interpretation of the statute is consistent with legislative history. It points to the Legislative Reference Bureau (LRB) statement accompanying a draft of 1995 Wis. Act 21. The LRB opined that:

> This bill overturns a series of Wisconsin appellate court decisions [holding] that a motor vehicle insurance policy may not prohibit stacking of uninsured or underinsured motorist coverage. Stacking means that the limits of 2 or more coverages indemnifying an insured against the same loss, whether under the same or different policies, are added together to determine the limits of recovery for the insured. [This] bill permits motor vehicle insurance policies to prohibit stacking of uninsured or underinsured motorist coverage or any other coverage provided by the policy.

1995 S.B. 6 Draft, Analysis by Legislative Reference Bureau.

█

¶ 13. This LRB statement is of no assistance to Progressive. First, there is no need to consult legislative history in this case because WIS. STAT. § 632.32(5)(f) clearly limits its application to addition of limits applying to different motor vehicles. *See Kalal*, 271 Wis. 2d 633, ¶¶ 47, 50. Second, this legislative history does not identify which cases the bill is intended to overrule. The LRB's statement could just as easily be referring to

pre-1995 cases requiring insurers to "stack" UM and UIM policies rather than to *Iaquinta* and *Miller*.[4]

¶ 14. Finally, the LRB's comment refers to "coverages indemnifying an insured." The LRB's reference to multiple coverages and a single insured is consistent with UM and UIM "stacking," in which a sole insured attempts to add multiple UM and UIM coverages purchased for different vehicles. *See, e.g., Gragg v. American Family Mut. Ins. Co.*, 2001 WI App 272, ¶ 4, 248 Wis. 2d 735, 637 N.W.2d 477. It is not consistent with this situation, in which there is one coverage, one vehicle, and multiple insureds. For all of these reasons, the LRB's statement does nothing to convince us the legislature meant anything other than what it said when it limited application of WIS. STAT. § 632.32(5)(f) to "similar coverage applying to other motor vehicles."

*By the Court.*—Order affirmed.

---

[4] *See, e.g., West Bend Mut. Ins. Co. v. Playman*, 171 Wis. 2d 37, 489 N.W.2d 915 (1992); *Fairbanks v. American Family Mut. Ins. Co.*, 181 Wis. 2d 838, 512 N.W.2d 230 (Ct. App. 1994).