COURT OF APPEALS
DECISION
DATED AND FILED

April 2, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2423**

STATE OF WISCONSIN

Cir. Ct. No. 2021CV7847

IN COURT OF APPEALS
DISTRICT I

---

ESTATE OF JOHN HOLMAN, ALYSSA HOLMAN, A.R.H. AND A.O.H.,

PLAINTIFFS-RESPONDENTS,

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY AND PAINTERS & ALLIED TRADES DISTRICT COUNSEL NO. 7,

SUBROGATED PARTIES-PLAINTIFFS,

V.

GENERAL CASUALTY COMPANY OF WISCONSIN,

DEFENDANT-APPELLANT,

GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,

DEFENDANT-RESPONDENT,

SUNDANCE, INC. AND ROSARIO VICTOR MORENO,

DEFENDANTS.

---

APPEAL from an order of the circuit court for Milwaukee County: PEDRO A. COLÓN, Judge. *Affirmed*.

Before White, C.J., Donald, and Geenen, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. General Casualty Company of Wisconsin ("General Casualty") appeals an order of the trial court, which held that an insurance policy issued by General Casualty provided a total liability coverage limit of $2,000,000, and rejected a claim for contribution and indemnity from Great American Insurance Company of New York ("Great American"). For the reasons discussed below, we affirm.

## BACKGROUND

¶2 The relevant facts in this appeal are not in dispute. General Casualty issued a commercial auto insurance policy to Sundance, Inc., a restaurant franchisee. Sundance entered into a lease for a motor vehicle that it assigned to its employee, Rosario Victor Moreno. The vehicle was also insured with an umbrella policy by Great American.

¶3 In September 2021, while Moreno was operating the leased vehicle, Moreno allegedly struck John Holman's motorcycle causing Holman's death. After the accident, the Estate of John Holman and the beneficiaries of his Estate (collectively "the Estate"), brought this case raising several causes of action, including that: (1) Moreno negligently operated the vehicle; and (2) Sundance negligently entrusted the vehicle to Moreno.

¶4      The Estate filed a motion seeking a declaratory judgment that General Casualty's policy provided $1,000,000 of liability coverage to Moreno and an additional $1,000,000 of liability coverage to Sundance.  Great American joined in the motion.

¶5      The trial court issued an oral ruling, further documented in a written decision, finding that General Casualty's policy provides $1,000,000 in coverage for Moreno and a separate $1,000,000 in coverage for Sundance.  Additionally, the court found that the policy limits afforded to Moreno were not subject to reduction.

¶6      A day prior to the trial court's oral ruling, General Casualty filed a cross-claim seeking a declaratory judgment regarding the amount of coverage, and a claim for "contribution and/or indemnity" against Great American.  In response, Great American filed a motion to dismiss arguing that General Casualty's cross-claim was barred and General Casualty was not entitled to contribution or indemnity.  General Casualty filed a brief in opposition and a motion to reconsider the court's previous order.  The court issued a written decision granting Great American's motion to dismiss and denying General Casualty's motion for reconsideration.[1]

¶7      General Casualty now appeals.  Additional relevant facts are discussed below.

---

[1] We note that after the decision granting the declaratory judgement motion, General Casualty reached a settlement, wherein it paid the Estate $2,000,000 while preserving its cross-claim against Great American.

**STANDARD OF REVIEW**

¶8    This appeal involves the review of a decision on declaratory judgment, issues of statutory interpretation, insurance policy interpretation, and the review of a motion to dismiss based on estoppel by record and a failure to state a claim—all issues that we review de novo. *See Young v. West Bend Mut. Ins. Co.*, 2008 WI App 147, ¶6, 314 Wis. 2d 246, 758 N.W.2d 196; *LaCount v. General Cas. Co.*, 2006 WI 14, ¶20, 288 Wis. 2d 358, 709 N.W.2d 418; *State ex rel. Lawton v. Town of Barton*, 2005 WI App 16, ¶9, 278 Wis. 2d 388, 692 N.W.2d 304.

**DISCUSSION**

## I.    Policy Coverage

¶9    On appeal, General Casualty first challenges the trial court's finding that there is $1,000,000 in coverage for Sundance and $1,000,000 in coverage for Moreno. Contrary to the trial court's finding, General Casualty contends that its policy only provides a total of $1,000,000 in coverage per accident.

¶10    General Casualty does not dispute that when there is negligence on the part of two insureds, Wisconsin courts apply two separate liability policy limits pursuant to WIS. STAT. § 632.32(3) (2023-24).[2] *See, e.g.*, *Progressive Cas. Ins. Co. v. Bauer*, 2007 WI App 122, ¶¶6-7, 301 Wis. 2d 491, 731 N.W.2d 378. General Casualty, however, argues that § 632.32(3) is inapplicable here.

---

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

¶11    WISCONSIN STAT. § 632.32(3) provides in relevant part:

> (3) Except as provided in sub. (5), every policy subject to this section issued to an owner shall provide that:
>
>> (a) Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.
>>
>> (b) Coverage extends to any person legally responsible for the use of the motor vehicle.

*Id.* According to General Casualty, neither Sundance nor Moreno qualify as an "owner" pursuant to § 632.32(3) because Sundance leased the vehicle used in the accident. We disagree.

¶12    When interpreting a statute, we begin with the language of the statute. *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. If the meaning of the statute is plain, we ordinarily stop the inquiry. *Id.* We give statutory language "its common, ordinary, and accepted meaning." *Id.* Additionally, "statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46.

¶13    Here, WIS. STAT. § 632.32(3) does not define "owner." As the trial court observed, the statute defines "owned motor vehicle" as a motor vehicle that is "owned by the insured or that is leased by the insured for a term of 6 months or longer." Sec. 632.32(2)(be). Thus, it follows that an "owner" of a motor vehicle includes vehicles "leased by an insured for six months or longer." *See Kalal*, 271 Wis. 2d 633, ¶46 (stating that statutory language is interpreted "as part of a whole; in relation to the language of surrounding or closely-related statutes; and

reasonably, to avoid absurd or unreasonable results"). It would make no sense to interpret "owner" differently in § 632.32(3).

¶14    In its argument, General Casualty points to ***Bindrim v. Colonial Ins. Co.***, 181 Wis. 2d 799, 806, 810, 512 N.W.2d 209 (Ct. App. 1994), *aff'd* 190 Wis. 2d 525, 527 N.W.2d 320 (1995), which states that WIS. STAT. § 632.32(3) "does not require that coverage be provided for nonowned vehicles." ***Bindrim***, however, did not address the issue in this case—whether "owner" encompasses a long-term lessee. Thus, we reject General Casualty's argument that § 632.32(3) does not apply here and conclude that the trial court properly found that there is $1,000,000 in coverage for Sundance and $1,000,000 in coverage for Moreno.

## II.    Reducing Clause

¶15    General Casualty next argues that Moreno's liability limit should be $60,000 based on a reducing clause. The reducing clause provides:

> **A. Changes in Liability Coverage.**
>
> > 1. If your business is other than selling, servicing, repairing or parking "autos", Who Is An Insured is changed to include an officer, agent or "employee" of such business while using a covered "auto". However, that person is an "insured" only if he or she has no other valid and collectible insurance with at least the applicable minimum limit specified in WIS. STAT. ch. 344. In this event, coverage will be provided only up to the applicable minimum limit specified in WIS. STAT. ch. 344. The applicable minimum limit is:
> >
> > > a. $60,000 for each "accident" for "bodily injury" and "property damage", if the limit of liability is a single limit that applies for each "accident"[.]

The reducing clause further provides:

> 5. The following is added:
>
> Conformity To Statute or Rule
>
> Any provision of this Coverage Part (including endorsements which modify the Coverage Part) that is in conflict with a Wisconsin statute or rule is hereby amended to conform to that statute or rule.

¶16 General Casualty argues that the $60,000 limit applies because Moreno was an employee of Sundance, which is not in the business of selling, servicing, repairing or parking autos, and was using a covered auto with no other collectible insurance.

¶17 General Casualty's interpretation of the reducing clause, however, conflicts with WIS. STAT. § 632.32(5)(b). This statute provides:

> If the policy is issued to anyone other than a motor vehicle handler, it may limit the coverage afforded to a motor vehicle handler or its officers, agents or employees to the limits under s. 344.01(2)(d) and to instances when there is no other valid and collectible insurance with at least those limits whether the other insurance is primary, excess or contingent.

Sec. 632.32(5)(b). Motor vehicle handler is defined as:

> 1. A motor vehicle dealer, as defined in s. 218.0101(23)(a).
>
> 2. A lessor, as defined in s. 344.51(1g)(a), or a rental company, as defined in s. 344.51(1g)(c).
>
> 3. A repair shop, service station, storage garage or public parking place.

Sec. 632.32(2)(b).

¶18 As the trial court found, the plain language of WIS. STAT. § 632.32(5)(b) permits a limitation of coverage to "a motor vehicle handler or its

officers, agents or employees." Since Sundance is not a motor vehicle handler and thus Moreno is not an employee of a motor vehicle handler, the statute does not permit the reducing clause to limit Moreno's liability.

¶19 In support of its argument, General Casualty relies on *Pemper v. Hoel*, 2004 WI App 67, 271 Wis. 2d 442, 677 N.W.2d 705, and *Binon v. Great Northern Ins. Co.*, 218 Wis. 2d 26, 580 N.W.2d 370 (Ct. App. 1998). These cases however do not apply because they involved policies issued to a motor vehicle handler. *Pemper*, 271 Wis. 2d 442, ¶¶2,9; *Binon*, 218 Wis. 2d at 30-31.[3] Thus, we reject General Casualty's argument that Moreno's liability limit should be $60,000.

### III. General Casualty's Cross-Claim

¶20 Lastly, we address General Casualty's cross-claim. General Casualty sought a declaratory judgment that "the maximum amount of coverage available under the General Casualty Policy is $1,000,000, including the $60,000 worth of coverage that may be available to … Moreno." General Casualty also sought "contribution and/or indemnity against Great American to the extent that General Casualty is obligated to pay any sum in excess of $1,000,000."

¶21 The trial court granted Great American's motion to dismiss, concluding that General Casualty's first argument was barred by estoppel by record and General Casualty's second argument was not legally viable. We agree.

---

[3] Great American also argues in the alternative that General Casualty's policy is ambiguous and must be construed in favor of coverage for Moreno. Because we conclude WIS. STAT. § 632.32(5)(b) does not permit a reduction of Moreno's liability, we do not address Great American's alternative argument. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) ("[C]ases should be decided on the narrowest possible ground[.]").

¶22     The doctrine of estoppel by record prevents a party from relitigating what was actually litigated in a former proceeding. ***Brooks v. Bank of Wis. Dells***, 161 Wis. 2d 39, 46, 467 N.W.2d 187 (Ct. App. 1991). "In order for a prior proceeding to bar the current action there must be an identity of parties and an identity of causes of action or claims in the two proceedings." ***Id.***, 46-47. Here, the declaratory judgment proceeding fully litigated the liability limits under General Casualty's policy and the same parties were involved. Thus, we conclude the trial court properly applied the doctrine of estoppel by record to prevent the re-litigation of its decision that General Casualty owes $1,000,000 in liability coverage to Sundance and $1,000,000 in liability coverage for Moreno.

¶23     Second, General Casualty is not entitled to contribution or indemnification from Great American. Great American's policy provides indemnity coverage to the "Insured" in excess of the "retained limit." "Retained limit" is defined in the policy, in relevant part, as:

> **G. Retained Limit**
>
> Subject to the applicable Limits of Insurance stated in the Declarations and described in A. through F., above, we will be liable only for that portion of damages that is in excess of the "retained limit." The "retained limit" is the greater of:
>
> **1.** the total amounts stated as the applicable limits of the underlying policies listed in the Schedule of Underlying Insurance and the applicable limits of all other insurance providing coverage to the "Insured" during the Policy Period[.]

Thus, General Casualty's primary policy limit of $1,000,000 in liability to Sundance and $1,000,000 in liability to Moreno must be paid before Great American's excess policy limits apply.

¶24 Contribution requires that: (1) the parties be liable for the same obligation; and (2) the party seeking the contribution must have paid more than its fair share of the obligation. *Kafka v. Pope*, 194 Wis. 2d 234, 242, 533 N.W.2d 491 (1995). Here, the parties are not liable for the same obligation. As stated above, General Casualty provides the primary coverage and Great American provides the excess coverage after the primary coverage has been exhausted.

¶25 Similarly, the elements of equitable indemnity are not met. Indemnity "shifts the loss from one person who has been compelled to pay to another who on the basis of equitable principles should bear the loss." *Brown v. LaChance*, 165 Wis. 2d 52, 64, 477 N.W.2d 296 (Ct. App. 1991) (citation modified). The elements of equitable indemnity are: (1) the payment of damages; and (2) the lack of liability. *Id.* Here, General Casualty had liability up to $2,000,000 and must bear that loss. Great American as an excess insurer does not have an equitable duty or obligation to bear the loss.

¶26 Therefore, for the reasons stated above, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.